ANDREW SCHICK *v.* WINDSOR AIRMOTIVE DIVISION/
BARNES GROUP ET AL.
(12219)

DUPONT, C. J., LANDAU, FREEDMAN and SCHALLER, Js.

Considered June 3—decision released July 6, 1993

*Jonathan L. Gould,* in favor of the motion.
*David C. Davis,* in opposition to the motion.

DUPONT, C. J. The dispositive issue of this motion to dismiss by the plaintiff in a workers' compensation case is whether a decision of the workers' compensation review board, remanding a case to the workers' compensation commissioner for a hearing de novo, is a final judgment. The defendants oppose the motion, claiming that the remand order is an appealable final judgment. We conclude that the remand order is a final judgment and that, therefore, the appeal should not be dismissed.

The procedural history is undisputed. In 1987, the plaintiff filed a workers' compensation claim, after suffering a myocardial infarction he claimed was caused by on-the-job stress. After formal hearings, first district commissioner A. Paul Berte issued a finding and decision on June 5, 1990, that the condition was not work related. The plaintiff appealed to the compensation review board on June 15, 1990. In July, 1990, while the appeal was pending, Berte resigned.

In February, 1991, the plaintiff, after reviewing the hearing transcript, filed a motion to correct the commissioner's findings. On March 19, 1991, the plaintiff filed a motion with the review board for an order remanding the case for a new formal hearing. He contended that a hearing de novo was required because Berte was unwilling to rule on the motion to correct.[1] The defendants objected, stating that there was no evidence of the commissioner's refusal to hear the motion and that General Statutes § 31-281 vests the board of compensation commissioners with the legal authority

---

[1] General Statutes § 31-278 provides in pertinent part: "Any compensation commissioner, after ceasing to hold office as such compensation commissioner, *may* settle and dispose of all matters relating to appealed cases, including correcting findings and certifying records, as well as any other unfinished matters pertaining to causes theretofore tried by him, to the same extent as if he were still such compensation commissioner." (Emphasis added.)

to appoint an alternate commissioner to act on the motion to correct.[2] On March 26, 1991, the plaintiff moved for an extension of time and a stay of the appeal proceedings pending the review board's decision on the motion for remand. The defendants again objected and sought the designation of an alternate commissioner by the board of compensation commissioners to hear the motion to correct. The plaintiff then objected to the defendant's request that an alternate commissioner hear the motion.

On February 16, 1993, nearly two years later, the review board issued a decision addressing solely the plaintiff's March 19, 1991 motion for remand. Citing its own decisions in *Foley* v. *New Britain,* 1 Conn. Workers' Comp. Rev. Op. 147 (1982), and *Gavin* v. *New Britain,* 1 Conn. Workers' Comp. Rev. Op. 151 (1982), as well as this court's recent decision in *Stevens* v. *Hartford Accident & Indemnity Co.,* 29 Conn. App. 378, 615 A.2d 507 (1992), the review board concluded that it could not compel former commissioner Berte to rule on the motion to correct and that due process required that the plaintiff be given a "full bite of the apple." The review board therefore remanded the case to the first district so that the plaintiff could have the option of either a hearing de novo or, if the parties so agreed, the submission of evidential transcripts and exhibits of the prior hearing, together with Berte's June 5, 1990 finding and the plaintiff's motion to correct, to another commissioner for completion.

---

[2] At the time the defendants made this objection, General Statutes (Rev. to 1991) § 31-281 provided: "The compensation commissioners for the several districts, acting as a board, may, in the event of the death, illness, resignation or disqualification of a commissioner of any district, designate another commissioner to act in any compensation matter in such district, and any commissioner acting under such designation shall have the same jurisdiction and powers as the commissioner for such district." That statute was repealed when the workers' compensation statutes were substantially revised in 1992. See Public Acts 1991, No. 91-339, § 53, effective January 1, 1992.

The lack of a final judgment is a threshold question that implicates the subject matter jurisdiction of this court. *Walton* v. *New Hartford,* 223 Conn. 155, 162 n.9, 612 A.2d 1153 (1992); *Plasil* v. *Tableman,* 223 Conn. 68, 72 n.8, 612 A.2d 763 (1992). If there is no final judgment, we may not reach the merits of the appeal. Practice Book § 4000; *Walton* v. *New Hartford,* supra.

Both parties recognize the general principle that a review board decision "is final for purposes of appeal if the proceedings to be conducted by the commissioner on remand are purely ministerial. On the other hand, if the remand requires the commissioner to take evidence and exercise independent discretion or judgment, there is no final determination and an appeal is premature. *Cleveland* v. *U.S. Printing Ink, Inc.,* 218 Conn. 181, 185–86, 588 A.2d 194 (1991); *Guinan* v. *Direct Marketing Assn., Inc.,* 22 Conn. App. 515, 516, 578 A.2d 129 (1990)." *Boulay* v. *Waterbury,* 27 Conn. App. 483, 486, 607 A.2d 450, cert. denied, 223 Conn. 904, 610 A.2d 178 (1992). This principle arises out of the general rule that an otherwise interlocutory order is appealable only "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983).

The plaintiff contends that this appeal is like the *Boulay* line of cases, in that the proceedings on remand will not be simply ministerial but will require the commissioner to hear additional evidence and exercise independent judgment and discretion. The defendants do not dispute that orders of remand that entail the hearing of further evidence generally are not appealable final judgments. Nor do they dispute that additional evidence will be taken at the new hearing or that the commissioner's actions will be more than ministerial.

Rather, they contend that this case falls within the exceptions to the final judgment rule noted in *State* v. *Curcio,* supra. They posit that the review board's remand for a hearing de novo terminated the prior proceeding and that their rights as to that proceeding will have been concluded once the matter goes back to the first district commissioner for a new hearing.

We need not address the parties' conflicting arguments. The defendants have challenged the review board's power to order a remand of the case to the commissioner and to give the plaintiff the option of a new hearing or having another commissioner hear the motion to correct. If the plaintiff elects to have a hearing de novo, the effect will be to render the judgment previously entered by Berte a nullity. The review board's order is therefore similar to an order of the trial court opening a judgment. Ordinarily, such an order is not an appealable final judgment because its effect is to eliminate the judgment that was rendered earlier. *Connecticut National Bank* v. *Great Neck Development Co.,* 215 Conn. 143, 147, 574 A.2d 1298 (1990); *State* v. *Phillips,* 166 Conn. 642, 646, 353 A.2d 706 (1974).

There is an exception, however, for those cases in which the appellant challenges the power of the trial court to open the judgment. *Solomon* v. *Keiser,* 212 Conn. 741, 747, 562 A.2d 524 (1989); *Connecticut Light & Power Co.* v. *Costle,* 179 Conn. 415, 418, 426 A.2d 1324 (1980). That exception applies with equal force where there is a challenge to the power of the review board to order a new hearing.

In their preliminary statement of issues, the defendants claim that the review board improperly (1) refused to grant their March 22, 1991 motion to designate a substitute commissioner pursuant to General Statutes § 31-281, (2) remanded the matter to the first district for a new hearing, and (3) applied its own precedents

824

in ordering a remand. The defendants' appeal thus challenges the power of the review board to set aside the commissioner's June, 1990 finding and decision and to order a new hearing on the merits.

Because the defendants have challenged the review board's jurisdiction to order a remand for a de novo hearing, their appeal falls squarely within the *Solomon* and *Connecticut Light & Power Co.* exception to the final judgment rule. Therefore, the plaintiff's motion to dismiss the appeal for lack of a final judgment must be denied.

The motion is denied.

In this opinion the other judges concurred.