## T.P. BREWER CONSTRUCTION COMPANY *v.*
## F AND G ASSOCIATES ET AL.
### (12627)

O'CONNELL, FOTI and SCHALLER, Js.

Argued March 22—decision released June 21, 1994

*Martin A. Clayman,* for the appellants (defendants).

*Stephen J. Sinatro,* for the appellees (plaintiff and third party defendant).

SCHALLER, J. The defendants, F and G Associates (F & G), Morton Fine, Philip Fine and J. Scott Guilmartin, appeal from the judgment of the trial court ren-

dered in favor of the plaintiff. The action, which was based on theories of breach of contract and quantum meruit relating to the performance of site work at an office park in East Granby, was brought against F & G, a partnership, Philip Fine and Morton Fine, two of the three partners in F & G, and J. Scott Guilmartin. The third F & G partner, J. Scott Corporation, was not made a party to the action. F & G asserted a counterclaim against the plaintiff as well as a third party complaint against Terrence P. Brewer, the president of the plaintiff corporation.

After a trial, the court rendered judgment on the complaint in favor of the plaintiff against Philip Fine, Morton Fine and J. Scott Guilmartin on the theory of quantum meruit, and on the counterclaim in favor of the plaintiff. Judgment was rendered in favor of Brewer on the third party complaint. No disposition of the complaint was made with respect to F & G. In response to the plaintiff's motion for articulation with respect to the written memorandum of decision, the trial court stated that "judgment [was] entered against those F & G Associates who signed the contract, i.e., Guilmartin, Morton Fine and Philip Fine only." Again, there was no disposition noted as to F & G.

The lack of a final judgment is a jurisdictional defect that implicates the authority of this court to hear the appeal. *Stroiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 86, 495 A.2d 1063 (1985). "The finality requirement underlying our appellate review represents a clear and firm policy against piecemeal appeals. *State* v. *Powell,* 186 Conn. 547, 551, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut,* 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982). The test of a final judgment is if the rights of the parties are concluded so that further proceedings cannot affect them. . . . *Monroe* v. *Monroe,* 177 Conn. 173, 176, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L.

Ed. 2d 14 (1979)." (Internal quotation marks omitted.) *Goodson* v. *State,* 228 Conn. 106, 111–12, 635 A.2d 285 (1993).

If one of the parties seeks to have the trial court render judgment for or against F & G in this matter, such further proceedings may affect the rights of the three remaining defendants, namely, Morton Fine, Philip Fine and J. Scott Guilmartin. If the court renders judgment against F & G, then F & G will be partially liable for the debt.[1] A judgment against F & G, therefore, could impact on the nature and amount of liability incurred by the three individual defendants.

Because this court lacks jurisdiction to hear the appeal, we must dismiss the appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[1] We note that General Statutes § 34-53 provides: "All partners are liable: (a) Jointly and severally for everything chargeable to the partnership under sections 34-51 and 34-52; (b) jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract." If the trial court renders judgment against F & G, then J. Scott Corporation, Morton Fine and Philip Fine would be jointly liable for the debt of F & G. J. Scott Guilmartin is not the sole stockholder in J. Scott Corporation; rather, the principal stockholders of J. Scott Corporation are J. Scott Guilmartin and Terrence Brewer, each holding a fifty percent share of the stock. Although J. Scott Guilmartin was named as a defendant in this case, J. Scott Corporation was not so named; thus, it incurred no liability. If the trial court were to render judgment against F & G, then J. Scott Corporation, not previously involved in the disposition of the case, would incur some liability, causing the judgment to impact on the nature and/or amount of liability already incurred by J. Scott Guilmartin, Morton Fine and Philip Fine.