JAMIE A. AKERSON *v.* CITY OF BRIDGEPORT
(13761)

DUPONT, C. J., and FOTI, LAVERY, LANDAU and HEIMAN Js.

Considered September 21—decision released November 8, 1994

*James O. Gaston,* in support of the motion.

PER CURIAM. The plaintiff filed a motion to dismiss the defendant's appeal for lack of a final judgment. Because the appeal was taken from the denial of a motion to dismiss the action, we conclude that no final judgment exists and that the appeal must be dismissed.

The procedural history of this case is not in dispute. The plaintiff brought this personal injury action against the defendant pursuant to General Statutes § 13a-149 for injuries he sustained when he slipped and fell on a sidewalk. The trial court granted the plaintiff's motion for default based on the defendant's failure to plead. Before a scheduled hearing in damages was held, the defendant filed a motion to open the default, which the trial court denied. The defendant then moved to dismiss the plaintiff's action on the basis of an alleged lack of subject matter jurisdiction. The trial court denied the defendant's motion to dismiss. This appeal and the plaintiff's cross appeal followed. The plaintiff now moves to dismiss the defendant's appeal for lack of a final judgment.

"The lack of a final judgment is a threshold question that implicates the subject matter jurisdiction of this court." *Schick* v. *Windsor Airmotive Division/Barnes Group,* 31 Conn. App. 819, 822, 627 A.2d 478 (1993), citing *Walton* v. *New Hartford,* 223 Conn. 155, 162 n.9, 612 A.2d 1153 (1992). Where there is no final judgment, we cannot reach the merits of the appeal. General Statutes § 52-263; Practice Book § 4000; *Smith* v. *Otis Elevator Co.,* 33 Conn. App. 99, 102, 633 A.2d 731 (1993).

"It is undisputed that the denial of a motion to dismiss is not ordinarily a final judgment."[1] *Sasso* v. *Aleshin,* 197 Conn. 87, 90, 495 A.2d 1066 (1985); *State* v. *Malkowski,* 189 Conn. 101, 104, 454 A.2d 275 (1983); *Kioukis* v. *Kioukis,* 185 Conn. 249, 251 n.1, 440 A.2d 894 (1981); *Guerin* v. *Norton,* 167 Conn. 282, 283, 355 A.2d 255 (1974); *State* v. *Boucher,* 119 Conn. 436, 437, 177 A. 383 (1935); *State* v. *Harris,* 4 Conn. Cir. Ct. 534,

---

[1] One exception to this rule is that interlocutory appeals may be taken from denials of motions to dismiss based on double jeopardy claims. See *Sasso* v. *Aleshin,* 197 Conn. 87, 90 n.3, 495 A.2d 1066 (1985). That exception is grounded in constitutionally guaranteed rights and does not apply to this appeal.

536, 236 A.2d 479 (1967). The appeal in this case was taken from the denial of the defendant's motion to dismiss. The denial of the motion did not terminate the plaintiff's action. On the contrary, no final judgment has been rendered because the issue of damages remains unresolved and is scheduled for hearing before the trial court. *Cannavo Enterprises, Inc.* v. *Burns,* 194 Conn. 43, 45 n.4, 478 A.2d 601 (1984); *Automotive Twins* v. *Klein,* 138 Conn. 28, 33, 82 A.2d 146 (1951). Because the trial court's denial of the defendant's motion to dismiss is not a final jdugment, the appeal is dismissed for lack of jurisdiction.

We turn, sua sponte, to whether the plaintiff's cross appeal is properly here. The plaintiff filed a cross appeal raising the following issue: "Whether the granting of a default against the appellee city of Bridgeport in favor of the appellant Jamie Akerson deems the jurisdictional allegations of fact in the complaint admitted, and, therefore, conclusively finds subject matter jurisdiction."

A cross appeal is an independent appeal and, therefore, may be viable under certain circumstances even though the main appeal is no longer before the court. See *Schurman* v. *Schurman,* 188 Conn. 268, 270, 449 A.2d 169 (1982). In this case, however, the cross appeal cannot stand independently because it is jurisdictionally improper. First, the cross appeal was taken from the denial of the motion to dismiss, which is not a final judgment. Even if the cross appeal had been taken from a final judgment, the plaintiff was not aggrieved by the denial of the motion to dismiss as required under Practice Book § 4005.[2] The issue that the cross appeal seeks

---

[2] Practice Book § 4005 provides in relevant part: "Any appellee or appellees aggrieved by the judgment or decision from which the appellant has appealed may jointly or severally file a cross appeal within ten days from the filing of the appeal. . . ."

to raise cannot properly be addressed until a final judgment is rendered in the trial court. The cross appeal, therefore, must be dismissed.

The appeal and the cross appeal are dismissed.