## C AND P EXCAVATING CONTRACTORS, INC. *v.* ARDMARE CONSTRUCTION COMPANY, INC., ET AL.
### (13035)

DUPONT, C. J., and LANDAU and HENNESSY, Js.

Argued December 6, 1994—decision released March 14, 1995

*Richard J. Falcigno,* with whom, on the brief, were *Theodore R. Tyma* and *Monica M. Copertino,* for the appellants (defendant Arnie's Heating, Plumbing & Air Conditioning, Inc., et al.).

*Philip J. Miolene,* with whom, on the brief, was *James M. Nugent,* for the appellee (plaintiff).

*Edward L. Cleary,* for the appellee (named defendant).

LANDAU, J. This is an appeal by the defendants Arnie's Heating, Plumbing & Air Conditioning, Inc. (Arnie's), and Westchester Fire Insurance Company (Westchester) from the judgment of the trial court, rendered pursuant to an arbitrator's report, in favor of the plaintiff. These defendants[1] claim that the trial court improperly rendered judgment against them when it concluded that their claim for a trial de novo was untimely. The plaintiff, C & P Excavating Contractors, Inc., argues that the claim for a trial de novo was not timely filed; see Practice Book § 546S;[2] and that the record is inadequate for appellate review. Because we dismiss the appeal, sua sponte, we do not reach these issues.

The following facts are relevant to our disposition of this appeal. By complaint dated March 10, 1992, the plaintiff commenced this action, in three counts, against three defendants. Count one was directed against Ardmare and alleged that Ardmare failed to pay for goods and services provided to it by the plaintiff. Count two alleged that Arnie's failed to pay for work completed by the plaintiff. Count three alleged liability on the part of Westchester for its failure to compensate the plaintiff on the performance bond insuring Arnie's performance. On June 29, 1992, Ardmare filed an answer and a cross claim against Arnie's and Westchester.[3] In the

[1] The plaintiff brought this action against three defendants: Ardmare Construction Company, Inc. (Ardmare), Arnie's and Westchester. Arnie's, a general contractor, entered into a contract to perform a project for the board of education of the town of Greenwich. Arnie's subcontracted part of its work to Ardmare, which in turn subcontracted part of its work to the plaintiff. Westchester issued a performance bond for the Greenwich project on behalf of Arnie's.

[2] Practice Book § 546S provides in pertinent part: "(a) A decision of the arbitrator shall become a judgment of the court if no claim for a trial de novo is filed in accordance with subsection (c). . . .

"(c) A claim for a trial de novo must be filed with the court clerk within twenty days of the filing of the arbitrator's decision. . . ."

[3] Ardmare directed its cross claim against Eastchester Fire Insurance Company. Regardless, Westchester filed an answer in response to the cross

cross claims, Ardmare alleged that Arnie's failed to pay for goods and services provided to it by Ardmare and that Westchester failed to pay on its performance bond insuring Arnie's performance.

Pursuant to Practice Book § 546N,[4] the trial court referred this action for an arbitration hearing. The arbitrator filed her report on September 14, 1993, and mailed it to the parties on September 27, 1993. In the report, she recommended judgment for the plaintiff on counts two and three of its complaint. Although the arbitrator discussed the circumstances pertaining to count one, she made no recommendation as to that count.

Arnie's and Westchester filed a claim for a trial de novo on October 22, 1993. On November 8, 1993, the trial court ruled that the claim was "untimely" and rendered judgment "as per report of arbitrator," that is, in favor of the plaintiff on counts two and three. Judgment has yet to enter, however, on count one and the cross claims. Arnie's and Westchester appeal from the judgment on counts two and three.

Because count one and both cross claims are still pending, our analysis of the issues presented by the parties must be arrested to permit an inquiry as to whether a final judgment has been rendered in this case. " 'The lack of a final judgment is a threshold question that implicates the subject matter jurisdiction of this court.'

---

claim. We choose to do exactly what the trial court and the parties did, i.e., recognize that discretion may be the better part of valor and ignore the faulty nomenclature "in the spirit of the purpose of our rules, namely, to facilitate business and advance justice." *O'Bymachow* v. *O'Bymachow*, 10 Conn. App. 76, 78, 521 A.2d 599 (1987).

[4] Practice Book § 546N provides: "The court, on its own motion, may refer to an arbitrator any civil action in which the damages, legal interest or property in demand is less than fifteen thousand dollars exclusive of interest and costs and in which a claim for a trial by jury and a claim for the trial list have been filed."

*Schick* v. *Windsor Airmotive Division/Barnes Group*, 31 Conn. App. 819, 822, 627 A.2d 478 (1993), citing *Walton* v. *New Hartford*, 223 Conn. 155, 162 n.9, 612 A.2d 1153 (1992). Where there is no final judgment, we cannot reach the merits of the appeal. General Statutes § 52-263; Practice Book § 4000; *Smith* v. *Otis Elevator Co.*, 33 Conn. App. 99, 102, 633 A.2d 731 (1993)." *Akerson* v. *Bridgeport*, 36 Conn. App. 158, 159, 649 A.2d 796 (1994). " 'The finality requirement underlying our appellate review represents a clear and firm policy against piecemeal appeals. *State* v. *Powell*, 186 Conn. 547, 551, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut*, 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982).' " *T.P. Brewer Construction Co.* v. *F & G Associates*, 34 Conn. App. 714, 715, 643 A.2d 308 (1994).

Practice Book § 4002 enumerates the circumstances under which an appeal may be taken from a judgment disposing of only some of the counts of a complaint.[5] Pursuant to § 4002, judgments disposing of some of the

---

[5] Practice Book § 4002 provides in pertinent part: "(a) A judgment pursuant to subsections (b) or (c) of this rule that disposes of certain of the issues between the parties or of part or all of the issues between some of them may be treated as a final judgment for the purpose of an appeal by the party or parties against whom the judgment is rendered, notwithstanding that the cause remains undisposed of on other issues or as to other parties. . . .

"(b) . . . When fewer than all of the counts of a complaint, counterclaim or cross complaint have been stricken, the trial court may, upon motion pursuant to this subsection, render judgment upon such stricken counts if (1) such counts are directed against a party against whom no relief is sought in the remaining counts of such pleading, or (2) the parties consent to entry of judgment and the trial court makes a written finding or written determination that the issues involved in the stricken counts are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified. . . .

"(c) . . . When fewer than all of the counts of a complaint, counterclaim or cross complaint have been dismissed, or when summary judgment has been granted upon fewer than all of the counts of a complaint, counterclaim or cross complaint, such partial dismissal or partial summary judg-

counts of a complaint are final if such judgments dispose of counts that are directed against a party against whom no relief is sought in the remaining counts. This provision, however, is limited by its terms to actions in which judgment on fewer than all of the counts has been rendered by rulings on motions to strike, motions for summary judgment or motions to dismiss. See Practice Book § 4002 (b) and (c). The rules of practice do not address the present situation where a partial judgment has been rendered after trial.

It might be argued that the types of judgments set out in § 4002 are merely illustrative of the ways final judgments may be obtained and that the reasons behind the rule apply as well to judgments rendered after trial that dispose of only some of the counts of a complaint. Prior to 1992, § 4002 provided that "a judgment disposing of certain of the issues between the parties or of part or all of the issues between some of them in such a manner as to be final but not terminating the litigation, *such as* a judgment rendered pursuant to subsection (b), (c) or (d) of this rule, may be treated as a final judgment for the purpose of an appeal . . . ." (Emphasis added.) Subsection (c) provided for appeals from partial judgments, rendered pursuant to motions to strike, to dismiss or for summary judgment, that disposed of counts directed against a party against whom no relief was sought in the remaining counts. In 1992, the "such as" language was deleted from the rule, indicating an intention that the types of judgments listed in subsection (c) are meant to be exclusive. We conclude, therefore, that § 4002 does not apply in this case.

ment shall constitute a final judgment if (1) such counts are directed against a party against whom no relief is sought in the remaining counts of such pleading, or (2) the parties consent to the rendition of judgment and the trial court makes a written finding or written determination that the issues involved in the counts as to which a motion to dismiss or for summary judgment has been granted are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified."

This conclusion, however, does not end our analysis. We must next consider the two-prong test of finality set forth in *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983). "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id., 31.

The first prong of *Curcio* is not satisfied in this case. The trial court's judgment did not terminate a separate and distinct proceeding because it rendered judgment on two counts of a three count complaint and left undecided those issues involved in the third count. Moreover, the court did not render judgment as to the cross claims.

The second prong of *Curcio* focuses on the potential harm to the appellants' rights; id., 33; in this case, the rights of Arnie's and Westchester. The trial court's ruling on two of the five causes of action in this case did not so conclude the rights of Arnie's and Westchester that disposition of the remaining three causes of action cannot affect them. A judgment against Ardmare on count one of the plaintiff's complaint could have an impact on the nature and amount of liability incurred by Arnie's and Westchester. Also, Arnie's and Westchester may be found liable in Ardmare's cross claim and thus be subject to pay twice if judgment is rendered against them. For these reasons, we conclude that the second prong of *Curcio* is not satisfied. Because there is no final judgment in this case, this court lacks jurisdiction to hear the appeal.

The appeal is dismissed.

In this opinion the other judges concurred.