NICHOLAS G. MELFI ET AL. *v.* CITY OF DANBURY ET AL.
(13623)

DUPONT, C. J., and HEIMAN and SCHALLER, Js.

Argued May 2—decision released July 18, 1995

*Nancy Burton* filed a brief for the appellants (plaintiffs).

*Dominick J. Rutigliano,* with whom, on the brief, was *Lisa Ann Rich,* for the appellees (defendants Robert Lupi et al.).

SCHALLER, J. The plaintiffs appeal from the judgment of the trial court in favor of the defendants in this action seeking damages for alleged obstruction of a public highway, creation and maintenance of a nuisance, and intentional infliction of emotional distress, as well as injunctive relief against future obstruction of the highway. The plaintiffs claim that the trial court improperly (1) found that the plaintiffs' evidence was not credible to establish that they were entitled to an award of money damages, and (2) refused to award damages. Because we dismiss the appeal, sua sponte, we do not reach these issues.

The following facts are relevant to our disposition of this appeal. In July, 1991, the defendants, Robert Lupi and Phyllis Lupi, purchased two adjoining parcels of land; one parcel was located on Old Ball Pond Road in New Fairfield, the second on Old Ball Pond Road in Danbury. The Lupis built a house and began living there in early 1992.

Soon after moving into their new home, the Lupis were concerned about traffic on the road. The city of Danbury, in response to these concerns, authorized the closing of the road to through traffic. A gate was erected across Old Ball Pond Road by Robert Lupi. The gate had posts at either end that were cemented into the ground and was secured by a padlock that required a key. It was effective in blocking all vehicular traffic. The Lupis refused to furnish the plaintiffs with a key to the padlock. The gate was removed after seventeen days.

On October 26, 1992, the plaintiffs brought this action against the Lupis and the city of Danbury seeking an injunction against future obstruction of Old Ball Pond Road by the Lupis or others, as well as damages and other relief. On December 15, 1992, the plaintiffs made a motion to default the Lupis for failure to appear. The motion was granted on December 23, 1992. The trial court, *Fuller, J.*, granted the plaintiffs' motion for judgment on January 19, 1993, and ordered the case to proceed to a hearing in damages as to the Lupis. The case was still pending as to the defendant city of Danbury. On April 22, 1994, the trial court, *McGrath, J.,* by memorandum of decision, denied the plaintiffs any recovery of damages, finding the plaintiffs' evidence not credible. The plaintiffs have appealed from this judgment.

Because the case is still pending as to the city of Danbury, our analysis of the issues presented must be arrested to permit an inquiry as to whether a final judgment has been rendered in this case. " 'The lack of a final judgment is a threshold question that implicates the subject matter jurisdiction of this court.' *Schick* v. *Windsor Airmotive Division/Barnes Group*, 31 Conn. App. 819, 822, 627 A.2d 478 (1993), citing *Walton* v. *New Hartford*, 223 Conn. 155, 162 n.9, 612 A.2d 1153 (1992). Where there is no final judgment, we cannot reach the merits of the appeal. General Statutes § 52-263; Practice Book § 4000; *Smith* v. *Otis Elevator Co.*, 33 Conn. App. 99, 102, 633 A.2d 731 (1993)." *Akerson* v. *Bridgeport*, 36 Conn. App. 158, 159, 649 A.2d 796 (1994). " 'The finality requirement underlying our appellate review represents a clear and firm policy against piecemeal appeals. *State* v. *Powell*, 186 Conn. 547, 551, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut*, 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982).' " *T.P. Brewer Construction Co.* v. *F & G Associates*, 34 Conn. App. 714, 715, 643 A.2d 308 (1994).

"Practice Book § 4002 enumerates the circumstances under which an appeal may be taken from a judgment disposing of only some of the counts of a complaint. Pursuant to § 4002, judgments disposing of some of the counts of a complaint are final if such judgments dispose of counts that are directed against a party against whom no relief is sought in the remaining counts. This provision, however, is limited by its terms to actions in which judgment on fewer than all of the counts has been rendered by rulings on motions to strike, motions for summary judgment or motions to dismiss. See Practice Book § 4002 (b) and (c)." *C & P Excavating Contractors, Inc.* v. *Ardmare Construction Co.*, 37 Conn. App. 222, 225–26, 655 A.2d 278 (1995). The rules of practice do not address the present situation where a partial judgment has been rendered upon a default of one of the parties.

We considered a similar situation in *C & P Excavating Contractors, Inc.* v. *Ardmare Construction Co.*, supra, 37 Conn. App. 222, where a partial judgment had been rendered after trial. In considering the application of Practice Book § 4002 to the situation in *C & P Excavating*, we determined that "[i]t might be argued that the types of judgments set out in § 4002 are merely illustrative of the ways final judgments may be obtained and that the reasons behind the rule apply as well to judgments rendered after trial that dispose of only some of the counts of a complaint. Prior to 1992, § 4002 provided that 'a judgment disposing of certain of the issues between the parties or of part or all of the issues between some of them in such a manner as to be final but not terminating the litigation, *such as* a judgment rendered pursuant to subsection (b), (c) or (d) of this rule, may be treated as a final judgment for the purpose of an appeal . . . .' (Emphasis added.) Subsection (c) provided for appeals from partial judgments, rendered pursuant to motions to strike, to dismiss or for summary judgment, that disposed of counts directed

against a party against whom no relief was sought in the remaining counts. In 1992, the 'such as' language was deleted from the rule, indicating an intention that the types of judgments listed in subsection (c) are meant to be exclusive." Id., 226. The court in *C & P Excavating* concluded that § 4002 did not apply in that case. Id., 226.

We conclude that Practice Book § 4002 does not apply to this situation, and must next consider the two-prong test of finality set forth in *State* v. *Curcio,* 191 Conn. 27, 463 A.2d 566 (1983). "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id., 31.

The first prong of *Curcio* is not implicated in this case. The trial court's judgment against the Lupis did not terminate a separate and distinct proceeding when it left undecided the claim against the city of Danbury.

The second prong of *Curcio* "focuses not on the proceeding involved, but on the potential harm to the appellant's rights." Id., 33. The trial court's ruling in the matter involving the Lupis did not so conclude the rights of the plaintiffs that disposition of the remaining cause of action against the city of Danbury cannot affect them. There is no doubt that a judgment against the city of Danbury in the pending action would affect the rights of the plaintiffs.[1] For these reasons, we conclude that the second prong of *Curcio* is not satisfied. Because there is no final judgment in this case, this court lacks jurisdiction to hear the appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[1] We note that the rights of the Lupis would also be affected by such a judgment because they are alleged joint tortfeasors with the city of Danbury, and a judgment against the city could have an impact on the nature and amount of liability incurred by the Lupis.