## HARRALL-MICHALOWSKI ASSOCIATES, INC. *v.* NATHAN M. SHIPPEE ET AL.
## (14158)

O'Connell, Foti and Hennessy, Js.

Argued January 24—decision released March 19, 1996

*Nathan M. Shippee*, pro se, the appellant (named defendant).

*Thomas J. Londregan*, for the appellee (plaintiff).

---

FOTI, J. The named defendant, Nathan M. Shippee, appeals from the judgment rendered for the plaintiff. As a preliminary matter, we must determine whether Shippee's appeal has been taken from a final judgment.[1]

The plaintiff commenced this action in two counts. The first count was brought against Shippee for breach of contract, the second against Shippee and a limited partnership, Country Club of New England Group Limited Partnership. The action alleged that the plaintiff had contracted with Shippee to render professional services in formulating a site development plan for a country club in East Lyme in which both defendants had an interest. The plaintiff claimed that the services were performed and that it was owed $20,407.64. The second count alleged that Shippee entered into the contract individually and as agent for the limited partnership. The sole issue at trial appears to have been whether Shippee entered into the contract individually or in another capacity. Shippee alleged that he was acting in a corporate capacity, as president of Resource Ventures, Inc., a general partner of the limited partnership.

The trial court concluded that Shippee had signed the agreement in his individual capacity and ordered that "judgment may enter in favor of the plaintiff in the amount of $20,407.64 plus interest at the statutory rate until paid."[2] The court's memorandum of decision states that no appearance was filed by the limited partnership and that "[d]efaults for failure to appear and failure to plead were entered . . . against the defendant . . . ."

Our review of the record discloses that the plaintiff filed a motion for default for failure to appear against

---

[1] The parties were advised to file simultaneous supplemental briefs and to be prepared to argue the issue of whether a final judgment existed pursuant to *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983).

[2] The judgment file states that the limited partnership was defaulted for failure to appear and that "it is adjudged that the plaintiff recover of the defendants . . . ."

both defendants, and, although that motion was denied on January 19, 1993, as against Shippee, who had appeared, it was never granted as against the limited partnership, which had not filed an appearance.[3] Because the limited partnership was never defaulted for failure to appear, the trial court could not have included that entity in its judgment.

In determining what is a final judgment for purposes of appellate review, we rely on the standard articulated in *State* v. *Curcio*, 191 Conn. 27, 463 A.2d 566 (1983). *In re Elizabeth H.*, 40 Conn. App. 216, 218, 669 A.2d 1246 (1996). The partial judgment rendered neither terminated a separate and distinct proceeding nor so concluded the rights of the parties that further proceedings could not affect them. *State* v. *Curcio*, supra, 31. We conclude that no final judgment was rendered because a judgment against the limited partnership could impact the nature and the amount of liability incurred by Shippee. See *T.P. Brewer Construction Co.* v. *F & G Associates*, 34 Conn. App. 714, 715–16, 643 A.2d 308 (1994).

The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of this court. *Schick* v. *Windsor Airmotive Division/Barnes Group*, 31 Conn. App. 819, 822, 627 A.2d 478 (1993). If there is no final judgment, we cannot reach the merits of the appeal. General Statutes §§ 51-197a and 52-263; Practice Book § 4000.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[3] The record discloses that a motion for default for failure to plead against the limited partnership was improperly granted on February 18, 1993. That motion could not be properly granted because the limited partnership had not appeared and no action had been taken on the motion for default for failure to appear.