### SOUTHPORT MANOR CONVALESCENT CENTER, INC. *v.* MICHAEL R. KUNDRATH ET AL.
#### (14211)

Foti, Lavery and Spear, Js.

Argued April 30—officially released June 18, 1996

*Michael T. Bologna*, for the appellant-appellee (named defendant).

*Dorit S. Heimer,* with whom, on the brief, was *Marc J. Kurzman,* for the appellee-appellant (plaintiff).

PER CURIAM. The defendant, Michael R. Kundrath, appeals from the judgment in favor of the plaintiff rendered after a court trial. The plaintiff has filed a cross appeal. This action for breach of contract was commenced against Michael Kundrath and his mother, Theresa Kundrath, a resident of the plaintiff Southport Manor Convalescent Center, Inc. No judgment was rendered as to the defendant Theresa Kundrath. As a preliminary matter, we must determine whether there is an appealable final judgment.[1]

In determining what is a final judgment for purposes of appellate review, we rely on the standard articulated in *State* v. *Curcio,* 191 Conn. 27, 463 A.2d 566 (1983). *In re Elizabeth H.,* 40 Conn. App. 216, 218, 669 A.2d 1246 (1996). The partial judgment rendered neither terminated a separate and distinct proceeding nor so concluded the rights of the parties that further proceedings could not affect them. *State* v. *Curcio,* supra, 31. We conclude that no final judgment was rendered because a judgment against Theresa Kundrath could impact the nature and the amount of the liability of the defendant Michael Kundrath. See *T. P. Brewer Construction Co.* v. *F & G Associates,* 34 Conn. App. 714, 643 A.2d 308 (1994).

The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of this court. *Schick* v. *Windsor Airmotive Division/Barnes Group,* 31 Conn. App. 819, 822, 627 A.2d 478 (1993). If there is no final judgment, we cannot reach the merits of the appeal. General Statutes §§ 51-197a and 52-263; Practice Book § 4000; *Harrall-Michaelowski Associ-*

---

[1] The parties were advised to be prepared to argue the issue of whether there is an appealable final judgment because of the lack of a disposition of count two of the complaint as to Theresa Kundrath.

*ates, Inc.* v. *Shippee,* 40 Conn. App. 613, 615, 672 A.2d 539 (1996).

The appeal and the cross appeal are dismissed.