[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The instant proceeding is an appeal from Family Support Magistrate Reynolds' decision to refer the defendant's motion for contempt to the Superior Court. Specifically, the magistrate stated that "[t]he reason I'm doing it . . . is because I don't feel that this Court is competent to hear matters of custody and visitation without having access to the full resource s of the Superior Court including Family Relations, counsel for the minor child, etc., etc. And you're — this hearing is better served in the Family Section, Superior Court." (Transcript pp. 6-7.) CT Page 2263
General Statutes § 46b-231(n)(1) provides that "[a] person who is aggrieved by a final decision of a family support magistrate is entitled to judicial review by way of appeal under this section." The court find that the requirements of §46b-231(n)(1) have not been met. The magistrate has not rendered a final decision from which an appeal can be taken. This court, therefore, lacks subject matter jurisdiction. SeeHarrall-Michalowski Associates. Inc. v. Shippee,40 Conn. App. 613, 615 (1996) ("[t]he lack of a final judgment is a threshold question that implicates the subject matter jurisdiction of this court"). Accordingly, the appeal is dismissed and the case is remanded to the magistrate to decide the merits of the contempt motion in accordance with § 46b-231(m)(7) (8) of the General Statutes.
Moraghan, J.