NICOLAS G. MELFI ET AL. *v.* CITY OF DANBURY ET AL.
(AC 21134)

Foti, Bishop and Shea, Js.

Argued April 1—officially released July 2, 2002

*Nancy Burton*, for the appellants (plaintiffs).

*Peter N. Buzaid*, assistant corporation counsel, for the appellee (named defendant).

*Dominick J. Rutigliano*, with whom, on the brief, was *Gwen E. Adamson*, for the appellees (defendant Robert Lupi et al.).

### Opinion

FOTI, J. The plaintiffs, Nicolas G. Melfi, Donna Melfi, Joseph Kozak and Dian Kozak, appeal from the judgment of the trial court rendered in favor of the defendant city of Danbury (city). On appeal, the plaintiffs claim that the court improperly (1) ordered the first four

counts of their complaint stricken, (2) dismissed count five and (3) failed to award damages after a hearing in damages. We affirm the judgment of the trial court.

The following facts are relevant to our disposition of this appeal. "In July, 1991, the defendants, Robert Lupi and Phyllis Lupi, purchased two adjoining parcels of land; one parcel was located on Old Ball Pond Road in New Fairfield, the second on Old Ball Pond Road in Danbury. The Lupis built a house and began living there in early 1992.

"Soon after moving into their new home, the Lupis were concerned about traffic on the road. The city of Danbury, in response to these concerns, authorized the closing of the road to through traffic. A gate was erected across Old Ball Pond Road by Robert Lupi. The gate had posts at either end that were cemented into the ground and was secured by a padlock that required a key. It was effective in blocking all vehicular traffic. The Lupis refused to furnish the plaintiffs with a key to the padlock. The gate was removed after seventeen days.

"On October 26, 1992, the plaintiffs brought this action against the Lupis and the city of Danbury seeking an injunction against future obstruction of Old Ball Pond Road by the Lupis or others, as well as damages and other relief."[1] *Melfi* v. *Danbury*, 38 Conn. App. 466,

---

[1] "On December 15, 1992, the plaintiffs made a motion to default the Lupis for failure to appear. The motion was granted on December 23, 1992. The trial court, *Fuller, J.*, granted the plaintiffs' motion for judgment on January 19, 1993, and ordered the case to proceed to a hearing in damages as to the Lupis. The case was still pending as to the defendant city of Danbury. On April 22, 1994, the trial court, *McGrath, J.*, by memorandum of decision, denied the plaintiffs any recovery of damages, finding the plaintiffs' evidence not credible." *Melfi* v. *Danbury*, 38 Conn. App. 466, 468, 661 A.2d 1046 (1995). The plaintiffs appealed, and this court dismissed their appeal sua sponte for lack of a final judgment because the case was still pending as against the city. Id., 470. The court's failure to award the plaintiffs damages as to the Lupis is the basis of the plaintiffs' third claim on appeal, which is addressed in part III of this opinion.

467–68, 661 A.2d 1046 (1995). Thereafter, the plaintiffs filed a revised complaint on January 20, 1993. The city filed a motion to strike, which the court granted, resulting in the striking of all three counts of the complaint. On May 4, 1993, the plaintiffs filed a "substitute revised complaint" (original complaint) and, again, the court granted a motion to strike all three counts of the complaint. Finally, on September 21, 1993, the plaintiffs filed a five count "second substitute revised complaint" (amended complaint). In response, the city filed a request to revise that complaint on the ground that the first four counts were substantially similar to those stricken twice before. The plaintiffs objected to the city's request to revise, which the court overruled, finding that the "additions to [the September 21, 1993, amended] complaint [did] not raise any allegations materially different from those described in the previous complaint," and ordered the first four counts of the amended complaint deleted. As a result, count five was the only remaining count in the amended complaint.

I

The plaintiffs first claim that the court improperly struck the first four counts of their amended complaint. The plaintiffs cannot prevail on such a claim because it is wholly foreclosed under our Supreme Court's holdings in *Royce* v. *Westport*, 183 Conn. 177, 439 A.2d 298 (1981), and *Good Humor Corp.* v. *Ricciuti*, 160 Conn. 133, 273 A.2d 886 (1970).

In *Royce*, our Supreme Court held that "[u]pon the sustaining of a demurrer the losing party may take one of two courses of action. He may amend his pleading, or he may stand on his original pleading, allow judgment to be rendered against him, and appeal the sustaining of the demurrer. . . . The choices are mutually exclusive. The filing of an amended pleading operates as a

waiver of the right to claim that there was error in the sustaining of the demurrer to the original pleading. . . . When a demurrer is sustained and the pleading to which it was directed is amended, that amendment acts to remove the original pleading and the demurrer thereto from the case. The filing of the amended pleading is a withdrawal of the original pleading. . . . [By] withdrawing one complaint and replacing it by another, [the plaintiffs] escaped an adverse judgment, and also abandoned any claim to a favorable judgment on the complaint so withdrawn. . . . It is thus clear that a plaintiff cannot file an amendment after the sustaining of a demurrer and, at the same time, appeal from a decision sustaining that demurrer. . . . The rule is a sound one, as it serves to prevent the prolongation of litigation." (Citations omitted; internal quotation marks omitted.) *Royce* v. *Westport*, supra, 183 Conn. 178–79; *Good Humor Corp.* v. *Ricciuti*, supra, 160 Conn. 135–36.

In the present case, the court struck all three counts of the plaintiffs' original complaint. Thereafter, the plaintiffs filed an amended complaint, which operated to waive their right to claim that the court improperly struck the three counts of the original complaint. In response to the amended complaint, however, the city filed a request to revise, formerly known as a motion to expunge. See Practice Book 10-35. The court granted the city's request to revise and deleted the first four counts of the plaintiffs' amended complaint because they were not materially different from the three counts stricken from the original complaint.

We note that "[w]hen the allegations of an amended complaint appear to be the same in substance as those of an earlier complaint that was stricken, the defendant may challenge the amended complaint by filing a request to revise . . . or a second motion to strike. . . . The request to revise is a [request] for an order directing the opposing party to revise his pleading in

the manner specified. . . . Although the request to revise may not ordinarily be used to substantively challenge a pleading, it may be used to delete otherwise improper allegations from a complaint. . . . The motion to strike, on the other hand, challenges the legal sufficiency of the pleading by testing whether the complaint states a cause of action on which relief can be granted. . . .

"Although [a motion to strike and a request to revise] generally serve different functions, either may be used when the amended complaint merely restates the original cause of action that was previously stricken. . . . If the plaintiff here has in fact merely restated the original cause of action, the defendant would prevail on either pleading." (Citations omitted; internal quotation marks omitted.) *Doe* v. *Marselle*, 38 Conn. App. 360, 362–63, 660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996).

We consider, therefore, only whether the court properly granted the city's request to revise the plaintiffs' amended complaint by interpreting the pleadings in the underlying action and comparing the original complaint with the amended complaint; see *Davenport* v. *Quinn*, 53 Conn. App. 282, 286, 730 A.2d 1184 (1999); "which presents a question of law and is subject to de novo review on appeal." Id. In addition, "[w]hen reviewing the facts alleged in a complaint, we consider them in the light most favorable to the plaintiff." Id., 288. "If the amended complaint stated a new cause of action, the [request to revise] should have been denied. If, however, the amended complaint merely restated the original cause of action, without curing the defect, the [request to revise] was properly granted." *Good Humor Corp.* v. *Ricciuti*, supra, 160 Conn. 137.

Of the thirty-two paragraphs in the first count of the amended complaint, twenty-eight are precisely the

same as in the original complaint. Paragraphs nine, ten, eleven and thirty-two, which are new, do not state a new cause of action or cure the defect. Paragraphs nine and ten allege that the city "induced" the Lupis, as its "authorized agent," to erect a gate. Paragraph eleven alleges that "but for" such inducement, the gate would not have been erected. Paragraph thirty-two alleges that the plaintiffs were "harmed" by such conduct. Paragraphs nine, ten, eleven and thirty-two fail to allege facts sufficient to cure the defect as found by the court when it granted the city's motion to strike count one of the original complaint. The court aptly noted, and we agree, that the additional paragraphs in the amended complaint add nothing more than mere conclusory statements[2] to count one and do "not differ in substance from the prior complaint."

Count two is virtually the same in the amended complaint as it was in the original complaint. The only addition is an allegation added to paragraph thirty-eight that the city "erected the gate through its agent the Lupis . . . ." Count two, therefore, amounts to nothing more than a conclusory statement devoid of the factual allegations necessary to cure the defect of the original pleading.

Count three of the amended complaint alleges statutory nuisance. This pleading, although technically asserting a different cause of action, is different from the original complaint in title only. Count three incorporates all of the allegations of count two of the original

[2] See *Hendel's Investors Co.* v. *Zoning Board of Appeals*, 62 Conn. App. 263, 274, 771 A.2d 182 (2001) (conclusory statements purporting to allege aggrievement insufficient without adequate factual allegations accompanying them).

Additionally, Practice Book § 10-1, entitled "Fact Pleading," sets forth the requirements of an adequate pleading. It provides in relevant part: "Each pleading shall contain a plain and concise statement of the *material facts on which the pleader relies* . . . ." (Emphasis added.)

complaint. In so doing, it fails to allege any new facts that would differentiate it from count two of the original complaint. Count three of the amended complaint is merely a restatement of the allegations set forth in count two of the original complaint, which were stricken.

Count four of the amended complaint is virtually identical to count three of the original complaint with the exception of one additional allegation in paragraph forty-seven, which provides that "[t]he City of Danbury flagrantly exposed the Plaintiffs to peril of life and limb with no proper reason for doing so." Absent new factual allegations, count four of the amended complaint simply restates the allegations previously stricken in count three of the original complaint.

We conclude, on the basis of our de novo review of the pleadings in the underlying action, that counts one through four of the amended complaint are substantially the same and merely restate the causes of action in each of the counts previously stricken from the original complaint. The plaintiffs' amended allegations, even when viewed in a light most favorable to them, amount to nothing more than conclusory statements unsubstantiated by supportive facts. See *Bennett* v. *Connecticut Hospice, Inc.*, 56 Conn. App. 134, 136–37, 741 A.2d 349 (1999) (conclusory statements absent supportive facts insufficient to survive motion to strike), cert. denied, 252 Conn. 938, 747 A.2d 2 (2000). Because we conclude that the plaintiffs' amended complaint fails to cure the defects of their original pleadings, which the court struck, the court properly granted the city's request to revise and deleted counts one through four of the amended complaint.

## II

The plaintiffs next claim that the court improperly dismissed the fifth count of their amended complaint,[3]

---

[3] The plaintiffs claim that the court dismissed count five of the amended complaint sua sponte. The plaintiffs are incorrect in their assertion, however,

thereby denying them due process of law. Specifically, the plaintiffs claim that the court improperly concluded that because count five incorporated all of the allegations stated in the four counts previously stricken, it must also fail due to its absence of any factual allegations. We note at the outset that the plaintiffs preserved their right to challenge the court's dismissal of the fifth count by objecting to the court's order in a timely manner and by choosing not to file an amended complaint.

The following additional facts are relevant to our resolution of this claim. Following the court's striking of the first four counts of the plaintiffs' amended complaint, the court inquired of the plaintiffs' counsel as to why the action should proceed.[4] Finding that there

---

because a review of the transcripts reveals that the city's attorney made an oral motion to dismiss count five based on the absence of any factual allegations in the complaint, and the court granted that motion. See footnote 2.

[4] The following colloquy occurred between the court, the attorney for the plaintiffs and the attorney for the city:

"The Court: I was looking at the last complaint that was filed. . . . And I note that it's a five count complaint. And the first four counts were ordered stricken just leaving one count, the fifth one, negligent infliction of emotional distress. And the last count, the fifth count, incorporates the other four counts by reference and only adds an allegation of negligent infliction of emotional distress. There was no subsequent complaint filed. So, I'm going to ask for your input in regard to how you wish to proceed since virtually every paragraph of the fifth count is a stricken paragraph. . . .

"[Plaintiffs' Counsel]: . . . [G]iven the fact that we have a count remaining in the negligent infliction of emotional distress, we are here and we have selected a jury. We are here to proceed, Your Honor, on that count.

"The Court: Attorney Burton [plaintiffs' counsel], I have one simple question for you. Am I correct, or am I incorrect, in stating that every allegation except one in that fifth count has been stricken? Is that correct, or is it incorrect? Yes or no?

\* \* \*

"[Plaintiffs' Counsel]: The first four counts of the complaint—

"The Court: Is that correct or not?

"[Plaintiffs' Counsel]:—have been ordered stricken by Judge Stodolink.

"The Court: And the fifth count references the first four counts in paragraph one. Is that right?

"[Plaintiffs' Counsel]: That is correct.

\* \* \*

were no factual allegations in the fifth count, the court

"The Court: Well, let me just move back to my original question of both counsel. And that is, since there is only one paragraph in count five, that paragraph . . . and all other counts have been stricken, how do we proceed on this lawsuit? . . .

"[Plaintiffs' Counsel]: Your Honor will note from the file that this action was instituted on October 26, 1992. We have now just passed the eighth anniversary of the moment when the obstruction that's referenced in the complaint was removed. Many times in this case, the plaintiffs have come to this court—

"The Court: Attorney Burton, please address yourself to the question I ask. Please don't give me a history of the case. How do you intend to proceed on the lawsuit since there's only one count, and that count has one paragraph? All the other paragraphs have been stricken. And obviously, you cannot recover what you don't plead. You've only pled one paragraph. Please tell me how you propose to proceed, or upon what authority you propose to proceed. I want to hear you, but please don't give me a history of the case. Please address my question directly.

"[Plaintiffs' Counsel]: . . . The fifth count of the complaint, from the second substitute revised complaint, does remain. . . .

* * *

"The Court: Based on what alleged facts? . . . There are no factual allegations in the fifth count.

"[Plaintiffs' Counsel]: Your Honor, we would be happy, at this point, to revise the complaint. But we weren't requested by any proper pleading by the city . . . .

"The Court: You say that you weren't requested to. Once the prior counts were stricken, and you were told you were left with the fifth count, did you do anything to affirmatively revise this complaint so that you had some factual allegations in it? The date of the second substitute revised complaint is September 21, 1993. It is August 8, 2000. You had the time between those two dates to submit another revised complaint. You haven't done that. It is your obligation to make factual pleadings and prove your allegations. You haven't made any factual allegations regarding negligent infliction of emotional distress. . . . You've incorporated stricken counts by reference into the fifth count of the complaint. You can't proceed on stricken counts. You have one paragraph remaining in the fifth count. . . .

* * *

"The Court: Attorney Buzaid [the city's attorney], do you have any response?

"[City's Counsel]: Yes, Your Honor, without factual allegations no evidence can be offered at this trial.

* * *

"[City's Counsel]: Your Honor, I ask that the court dismiss this action.

* * *

"The Court: What factual allegations are in the fifth count other than

granted the city's oral motion to dismiss count five, resulting in a dismissal of the complaint.

The plaintiffs essentially ask this court to reverse the court's dismissal of the amended complaint by concluding that the only remaining count contained sufficient factual allegations to allow that cause of action to proceed to trial. The plaintiffs pray for such relief in light of the fact that all the referenced factual allegations of count five were previously stricken from the complaint.

Our standard of review of a motion to dismiss is well established. "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . Furthermore, it is the law in our courts . . . that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (Citations omitted; internal quotation marks omitted.) *Villager Pond, Inc.* v. *Darien*, 54 Conn. App. 178, 183, 734 A.2d 1031 (1999).

After the court granted the city's request to revise, four counts of the amended complaint were deleted. The remaining count stated as follows: "1. Paragraphs 1 through 47 of the Fourth Count are incorporated by reference herein as paragraphs 1 through 47 of the Fifth

---

reference to stricken counts?

＊＊＊

"[Plaintiffs' Counsel]: Well, this fifth count was not stricken. It was not addressed, and the request revives—

"The Court: So, you're not answering my question. The answer is none.

＊＊＊

"The Court: The motion to dismiss is granted.

＊＊＊

"[Plaintiffs' Counsel]: May an exception be noted?

"The Court: Exception [is] noted."

Count as though set forth herein. 48. In so acting, the Defendants negligently inflicted emotional distress upon the Plaintiffs, and such distress was severe. Wherefore, the Plaintiffs seek damages."

Count five is completely devoid of any factual allegations. Even if we were to apply our standard of review liberally, there are simply no facts to construe in a manner most favorable to the plaintiffs. Count five of the amended complaint specifically references allegations that no longer exist. The plaintiffs' argument that count five was not altered by any motion to strike or revise, therefore leaving intact its referenced factual allegations, is unpersuasive because those allegations are nonexistent. Because count five fails to allege any facts in support of its claim of emotional distress, it is clear that "no relief could be granted under any set of facts that could be proved consistent with the allegations." (Internal quotation marks omitted.) Id. As a result, count five could not withstand the city's motion to dismiss, which the court properly granted.

The plaintiffs also claim that they were denied due process when the court dismissed count five of the amended complaint because "they had no notice as to any perceived insufficiency" regarding it. This claim is disingenuous and wholly without merit. The court heard argument from both parties before it granted the city's oral motion to dismiss and was under no obligation whatsoever to inform the plaintiffs of any insufficiency in their complaint, or otherwise. Furthermore, the court deleted the first four counts of the amended complaint nearly seven years before granting the city's oral motion to dismiss the fifth count of that complaint. Common sense would have suggested to the plaintiffs that they carefully parse their remaining count for its sufficiency

during that time.[5] The plaintiffs cannot now attempt to pass the onus of pleading sufficiently onto the court by way of a due process claim based on lack of notice, because such an onus rests squarely on the party pleading, not the trial court. See *Davenport* v. *Quinn*, supra, 53 Conn. App. 290 n.7 (plaintiff has burden of adequately pleading his case); see also Practice Book § 10-1.

## III

The plaintiffs' final claim is that the court improperly failed to award them damages following the hearing in damages as to the Lupis. Specifically, the plaintiffs argue that because a default judgment conclusively determines liability, they were, at the very least, entitled to nominal damages. We agree.

The court rendered a default judgment against the Lupis on January 19, 1993, and ordered the case to proceed to a hearing in damages. "The significance of an entry of default against a defendant in a legal action is that it entitles the plaintiff to at least nominal damages. . . . The entry of default, when appropriately made, conclusively determines the liability of a defendant." (Citations omitted.) *Ratner* v. *Willametz*, 9 Conn. App. 565, 579, 520 A.2d 621 (1987).

It was improper for the court to fail to award damages to the plaintiffs. Because liability already had been conclusively established as to the Lupis, the plaintiffs, at the very least, were entitled to nominal damages. Although technically incorrect, the failure to award damages does not require a remand. "[N]o purpose would be furthered by a remand because the damages to be awarded to the plaintiff against the defendants could only be nominal based upon the substantive findings of the trial court at

---

[5] Following the court's dismissal of count five of the amended complaint, the court offered to open its judgment to allow the plaintiffs to amend it by adding sufficient factual allegations. The plaintiffs declined that offer, and, as a result, the court left the judgment intact.

the hearing in damages."[6] Id., 580. We will not ordinarily remand a case for "the mere failure to award nominal damages." *Clay* v. *Teach*, 37 Conn. App. 556, 560, 656 A.2d 1065, cert. denied, 234 Conn. 902, 659 A.2d 1205 (1995).

The judgment is affirmed.

In this opinion the other judges concurred.