[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS #108
Facts
On March 26, 2002, the plaintiff, Donna Plante, filed a one-count negligence complaint against the state of Connecticut for the injuries she allegedly sustained at a motorcycle riding education class. On July 23, 2002, the plaintiff amended her complaint adding two counts of negligence against the additional defendants, Gary Hover and Michael Ducharme,[1] respectively.
On August 14, 2002, the defendants filed a motion to dismiss the plaintiff's cause of action on the ground that the court lacks subject matter jurisdiction. Specifically, the defendants argue that the state and its employees have sovereign immunity and the plaintiff has failed to allege facts that would support a waiver of this immunity. The plaintiff filed a memorandum in opposition to the defendants' motion to dismiss on August 28, 2002 claiming that General Statutes § 52-556 allows the plaintiff's cause of action.
Discussion
"The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Ferreira v. Pringle, 255 Conn. 330,346, 766 A.2d 400 (2001). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 410-11, 722 A.2d 271 (1999). "[I]t is the law in our courts . . . that [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (Internal quotation marks omitted.) Melfi v. Danbury, 70 Conn. App. 679, 689, 800 A.2d 582 (2002). CT Page 2378
Practice Book § 10-31 states that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 140
n. 8, 749 A.2d 1147 (2000). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal DepositIns. Cop. v. Peabody, N.E., Inc., 39 Conn. 93, 99, 680 A.2d 1321 (1996). "It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Stepney Pond Estates,Ltd. v. Monroe, 260 Conn. 406, 417, 796 A.2d 516 (2002).
The defendants move to dismiss the plaintiff's cause of action on the ground that the court lacks subject matter jurisdiction because the claims are barred by the doctrine of sovereign immunity. The defendants argue that the plaintiff's claim against the state is not within the scope of General Statutes § 52-556, and the counts against the state employees are barred by General Statutes § 4-165. The defendants further argue that the plaintiff has failed to obtain the permission of the claims commissioner to sue the state employees and, therefore, this court is without jurisdiction. The plaintiff refutes the defendants' arguments, claiming that her cause of action falls within § 52-556
because the instructors, through their adjustment and instruction, operated the motorcycle causing injury to the plaintiff.
"Although the state generally is immune from suit, § 52-556[2]
provides a cause of action against the state when any person is injured through the negligence of any state employee while operating a motor vehicle owned and insured by the state." Babes v. Bennett, 247 Conn. 256,260, 721 A.2d 511 (1998); see also White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990). "[A] party attempting to sue under the legislative exception must come clearly within its provisions, because [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed . . . Where there is any doubt about [the] meaning or intent [of a statute in derogation of sovereign immunity, it is] given the effect which makes the least rather than the most change in sovereign immunity." (Citations omitted; internal quotation marks omitted.) Babesv. Bennett, supra, 247 Conn. 262. "The question of whether a particular statute . . . applies to a given state of facts is a question of statutory interpretation . . . Statutory interpretation presents a question of law for the court." (Internal quotation marks omitted.)Massad v. Eastern Connecticut Cable Television, Inc., 70 Conn. App. 635,639, 801 A.2d 813 (2002). CT Page 2379
In the present case, it is undisputed that the plaintiff was operating the motorcycle when she was injured. General Statutes § 52-556, however, applies only to causes of action where the state employee operated the state-owned and insured motor vehicle. The plaintiff's allegation that the defendants' instruction and adjustment to the motorcycle constituted operation of a motorcycle is not supported by law. The court finds that the facts, as alleged, do not fall within the sovereign immunity waiver provided by § 52-556; therefore, the court lacks jurisdiction to hear this matter.
Furthermore, the plaintiff's claims against the defendants, the state employees, are barred by the statutory immunity provided for in §4-165. General Statutes § 4-165 states, in pertinent part, "[n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." The plaintiff has failed to allege facts that the defendants, as state employees, acted outside the scope of their employment, or that they acted recklessly, maliciously or wantonly while conducting the motorcycle training course; therefore, the court lacks jurisdiction to entertain this matter. Martin v. Brady,261 Conn. 372, 377, 802 A.2d 814 (2002).
The defendants' final argument that the plaintiff was required to seek permission from the claims commissioner prior to bringing suit in the Superior Court is moot in light of this court's finding a lack of subject matter jurisdiction over the plaintiff's causes of action.
For the above stated reasons, the defendants' motion to dismiss the plaintiff's complaint is granted and the action is dismissed.
 D. Michael Hurley Judge Trial Referee