### RALPH A. BARTHOLOMEW *vs.* THE TOWN OF HARWINTON.

In August 1863, a draft by the authority of Congress being about to be made, the town of *H* voted to pay each drafted man from that town who should go to the war or furnish a substitute who should be accepted and sworn into the service, the sum of $300. *B*, a citizen of the town, was drafted and found a substitute who was accepted and sworn in and paid therefor $300. In November 1863 the legislature authorized towns to confirm such votes and provided that upon such confirmation they should be valid. The town of *H*, at a meeting called for that purpose, voted not to confirm. Afterwards in May 1864 the General Assembly passed an act providing among other things, "that if any town has in any manner appropriated money for assisting persons who have been drafted, who have personally or by substitute entered the service of the United States to fill its quota, the action of such town or towns is hereby ratified and confirmed and declared to be legal and binding upon the inhabitants of such town or towns." Upon a bill brought by *B* to vacate an injunction previously granted, it was held,—1. That the petitioner and the town were within the letter and spirit of the act of 1864. 2. That it was competent for the legislature to pass such an act. 3. That the effect of the act was to validate the action of the town although unconfirmed, and make it obligatory to pay the bounty to *B*. 4. That therefore the injunction which restrained the town from paying should be dissolved.

PETITION IN CHANCERY, praying that a permanent injunction, granted by the court at a former term, might be set aside. The petitioner demurred to the answer of the respondents, and the case was reserved by the superior court for the advice of this court. The facts of the case are sufficiently stated in the opinion.

*O. S. Seymour* and *E. W. Seymour*, for the petitioner.

*Catlin* and *G. C. Woodruff*, for the respondents.

BUTLER, J.   The petitioner seeks in this case to have a permanent injunction, granted to restrain the town of Harwinton from paying certain bounties voted to drafted men, vacated and annulled.   By a demurrer to the answer of the respondents the material facts are admitted.   Briefly stated they are as follows :—In August, 1863, the respondent town passed the following votes—viz : "*Voted* to pay each drafted man from this town the sum of three hundred dollars, who shall himself go to the war, or such sum not exceeding three hundred dollars as such drafted man may actually have to pay for furnishing a substitute, the same not to be paid until such drafted man or substitute is accepted and sworn into the service of the United States."   "*Voted* to instruct the selectmen to borrow on the credit of the town the sums needed to pay the drafted men or substitutes, whenever they shall ascertain the sum needed."

A draft by the United States was then impending, and in September following the petitioner, a citizen of said town, was drafted as one of the quota of the town, and procured and furnished a substitute who was accepted and sworn into the service of the United States, and paid therefor the sum of three hundred dollars.

Before the officers of the town procured the money or paid the sum voted to the petitioner, Addison Webster and others brought their petition to the superior court, and procured a temporary injunction to restrain the payment, and afterwards upon their petition a permanent injunction was granted, which is still in force, and which the petitioner seeks to have annulled.   After the passage of the act of November 13th, 1863, and in January 1864, the town, at a meeting warned for that purpose, voted not to confirm the votes aforesaid, and rescinded them so far as a refusal to confirm could by implication rescind them.   The petitioner claims, notwithstanding such refusal to confirm, that the doings of the meeting of August 1863 were validated by the act of July 6th, 1864, and made obligatory upon the town ; and this the respondents deny.   The case obviously must turn on the construction and constitutionality of the act of July 6th, 1864.   The provision

of .that act which bear upon the case of drafted men is in substance as follows:—" If any town has in any manner appropriated money for assisting persons who have been drafted, who have personally or by substitute entered the service of the United States to fill its quota, the action of such town or towns is hereby ratified and confirmed, and declared to be legal and binding upon the inhabitants of such town or towns."

The petitioner appears to be within the letter of the law, for he was drafted to fill the quota of the town and procured a substitute who entered the service and was credited upon the quota. The town too appears to be within the letter of the law, for the vote of August, 1863, appropriated money to assist persons who should be drafted and enter the service, or furnish a substitute who should enter the service, and be credited to the quota of the town. There would seem therefore to be no room for contention. The legislature has said that such action shall be binding upon the town, and without qualification. And there is nothing in its object or purpose which can qualify the clear import of the language, and that import is that all such votes shall be legal and binding, whether subsequently ratified by the town or not. We cannot doubt that such was the intention of the General Assembly. The only question then which is open for consideration, if there be any, is whether the legislature exceeded their powers when they enacted it.

The law is unquestionably retroactive and absolute. But it is not contrary to any constitutional prohibition, nor in our opinion so unjust as to violate the principles of the social compact. It is unnecessary to give our reasons for this opinion. They were fully stated in the recent case of *Booth* v. *The Town of Woodbury*, 32 Conn., 118, where the question was raised in another form.

The superior court must be advised to grant the prayer of the petition.

In this opinion the other judges concurred.