<hr/>

## JOHN L. STUART vs. THE TOWN OF WARREN.

At a town meeting a resolution was offered to give to every person volunteering or drafted into the military service of the United States and applied on the quota of the town, $300, which resolution being put to vote failed to pass. A motion was then made to give to drafted men who should be accepted and mustered in, $100 each. While this motion was pending an amendment was moved and carried to make the sum $250, but the motion as amended was not put to vote. It was then voted that the sum of $250 should be inserted in the

first resolution in the place of $300, but no further vote was taken on the reso-
lution itself. Held that the proceeding constituted no action of the town
which imposed upon it any liability.

The act of July, 1864, validating the proceedings of towns in voting bounties to
volunteers and drafted men, validates such proceedings whatever may be the
ground of the invalidity.

Where a meeting was not legally warned it was held that its proceedings were
validated.

Where a demand was made for $200 bounty given by a certain vote which was
inoperative, which the town refused to pay, it was held to be a sufficient notice
of a claim for $250 given by another and operative vote.

Bill in equity, praying for the setting aside of an injunc-
tion issued by the Superior Court against the payment by the
respondent town of certain bounties voted to drafted men,
and that the respondents be ordered to pay a certain bounty
to which the petitioner claimed to be entitled ; brought to the
Superior Court in Litchfield county. The following facts
were found by the court :

At a special town meeting of the town of Warren, held on
the 6th day of August, 1863, the following resolution was
offered :

"*Resolved,* That the sum of $300 be, and the same is hereby
appropriated from the treasury of the town, to be paid to
each person who shall volunteer into the service of the United
States, or has been mustered into the United States service
within the last ten days, provided said volunteers are counted
on our quota under the present draft. And if the number so
volunteering shall not reach the number called for, then $300
shall be paid to each person drafted from this town, and who
shall be liable to said draft in any of the three ways provided
by the law, in case such person shall elect to abide said draft,
or who shall furnish a substitute, to be paid when such person
or his substitute shall be accepted into the service of the
United States." This resolution was put to vote and was not
passed. It was then moved and seconded to give the drafted
men who shall be accepted and mustered in $100 each ; and
an amendment was moved to give them $250 each. The
amendment was carried, but no vote was taken on the motion
as amended. It was then voted to insert $250 in the place
of $300 in the first resolution. but no vote was taken on the
resolution as amended.

Stuart *v.* Town of Warren.

Patrick Dugan, at that time and ever since a resident of Warren, relying upon the votes and believing them to be valid, on the 10th day of August, 1863, having been drafted from Warren into the United States service, and being liable to answer the draft and not exempt under any of the provisions of the law, and the quota of the town not having been filled by volunteers or otherwise, furnished a substitute, who was accepted into the service of the United States, and applied on the quota of the town under the then outstanding call for troops.

At a meeting held on the 15th day of August, 1863, the following resolution was passed: *"Resolved,* That the sum of $250 be, and the same is hereby appropriated from the treasury of this town, to be paid to each man from this town who has or shall be accepted into the service of the United States under the present draft for 300,000 men, or who has or shall furnish an acceptable substitute." The meeting at which this resolution was passed was not legally warned, the warning having been posted only four days before the meeting, instead of five as required by law.

At a meeting of the town duly warned "for the purpose, if deemed expedient, of confirming the former action of the town in voting money to drafted men," and held on the 18th day of January, 1864, the town refused to confirm such former action.

At another meeting of the town legally warned for that purpose, and holden on the 20th day of August, 1864, it was voted "to pay the volunteers and the drafted men of 1863, two hundred dollars each."

At another meeting of the town duly warned and held for the purpose on the 8th day of December, 1865, the town passed the following vote: "Voted, that this meeting doth hereby rescind and annul the votes of this town, passed in town meeting held on the 20th day of August, 1864."

On the 8th day of October, 1868, Dugan and the petitioner made demand upon the town for the sum of two hundred dollars and interest, which the town refused to pay. The petitioner has become the owner of the claim of Dugan.

Upon these facts the Superior Court reserved the case for the advice of this court.

*Andrews*, for the petitioner.

*G. C. Woodruff* and *G. M. Woodruff*, for the respondents.

BUTLER, C. J. We assent to the objection of the respondents that there was no action of the town at the meeting on the 6th of August, 1863, which imposed upon them any liability to Dugan. There is no pretence that the record of the proceedings was not full and truthful, and if it was not the remedy of the petitioner in that respect would have been an application for a mandamus; to compel the clerk to perfect or correct his record. No vote was passed at that meeting showing the intention of the majority to give the gratuity of $250 to each drafted man, as claimed. A motion to amend is often carried by the votes of those who are opposed to the original resolution, with a view to disaffect its friends, and the resolution which it was voted to amend had been rejected and could not be amended without a reconsideration. Nor was the vote to amend the original resolution in any manner affected by the proceedings of the meeting of August 15th. That was an independent meeting, and its action entirely independent in character and effect.

We assent also to the objection of the respondents that the petitioner can take nothing by his bill by force of the vote of August 20th, 1864. That claim of the petitioner is clearly obnoxious to the objections urged against it by the respondents. The gift of the bounty by the vote was a gratuity, and besides the vote was afterwards rescinded. But we are all of opinion that the petitioner is entitled to relief under the vote of August 15th, 1863, and that the objections urged by the respondents ought not to prevail.

First, because the petitioner can have such relief under the general prayer for relief, or by the amendment of his bill. Second, because the vote of August 15th was validated by the act of July, 1864, notwithstanding the defective warning. We

have so holden heretofore, in relation to an act less absolute in its terms than that of July, 1864. *Baldwin* v. *North Branford*, 32 Conn., 47. Third, because our construction of the act of July 6th, 1864, was different from that now urged by the respondents in *Bartholomew* v. *Harwinton*, 33 Conn., 408, and we are satisfied with that decision upon the point. See also the case of *Potter* v. *Town of Canaan*, decided this term. (*Ante*, page 222.)

For these reasons we are of opinion that Dugan was within the purview of the vote of August 15th, 1863, and that that vote was validated and made binding upon the town by the act of July 6th, 1864.

We attach no important to the objection that no demand was made by the petitioner and Dugan for the sum of $250 under the vote of August 15th, 1863. The town was made acquainted with the fact that they had a claim against the town by their demand under the vote of August 20th, 1864, and the objection is purely technical.

For these reasons we advise the Superior Court to grant the prayer of the petition and pass a decree in favor of the petitioner for the amount to which Dugan was entitled by the vote of August 15th, 1863.

In this opinion the other judges concurred; except SEY-MOUR, J., who having been consulted in the case when at the bar, did not sit.