DAVID L. BREWER, JR., ET AL. *v.* ANTONIO
GUTIERREZ

TEC TRON COMPUTERS, INC., ET AL. *v.*
DAVID L. BREWER, JR.
(13919)

Foti, Landau and Hennessy, Js.

Argued January 18—officially released August 6, 1996

*Ann R. Stravalle-Schmidt,* for the appellant (named
defendant in the first case, plaintiff in the second case).

*Donald R. Holtman,* for the appellees (plaintiffs in the first case and named defendant in the second case).

LANDAU, J. This is Antonio Gutierrez' consolidated appeal from the judgments rendered in two underlying actions.[1] The first action (Brewer action) was commenced by David Brewer and his wife, Georgette Katin, against Gutierrez.[2] In the second action (Tec Tron action), Tec Tron Computers, Inc., Antonio Gutierrez and Maryann Gutierrez brought suit solely against David Brewer. In that action, David Brewer filed a counterclaim against Antonio Gutierrez and Maryann Gutierrez. In both cases, the parties seek damages and other relief for actions allegedly taken by Brewer and Antonio Gutierrez relative to corporate assets of Tec Tron.

The trial court rendered judgment for Brewer against Gutierrez and awarded compensatory damages in the amount of $38,360 interest and punitive damages, attorney's fees and costs in the amount of $21,484.32. The judgment, however, is silent as to Katin, a plaintiff in the first case. In the Tec Tron action, the trial court "[found] the issues for . . . Mr. Brewer Jr., on the complaint and counterclaim" and rendered judgment on behalf of Brewer against "Mr. Gutierrez." The judgment is silent as to Maryann Gutierrez, a plaintiff in the second case against whom the counterclaim was also directed.

"The lack of a final judgment is a jurisdictional defect that implicates the authority of this court to hear the appeal. *Stoiney* v. *Crescent Lake Tax District,* 197 Conn. 82, 86, 495 A.2d 1063 (1985). The finality requirement underlying our appellate review represents a clear

---

[1] In the two underlying actions, the parties David L. Brewer, Jr., and Antonio Gutierrez are both plaintiffs and defendants. In this opinion, to avoid confusion, we will refer to them by their names.

[2] In the Brewer action, Brewer and Katin allege, inter alia, that they are 50 percent shareholders of Tec Tron and that the Gutierrezes are the owners of the remaining shares of Tec Tron.

and firm policy against piecemeal appeals. *State* v. *Powell*, 186 Conn. 547, 551, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut*, 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982). The test of a final judgment is if the rights of the parties are concluded so that further proceedings cannot affect them. . . . *Monroe* v. *Monroe*, 177 Conn. 173, 176, 413 A.2d 819, appeal dismissed, 444 U. S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979). . . . *Goodson* v. *State*, 228 Conn. 106, 111-12, 635 A.2d 285 (1993)." (Internal quotation marks omitted.) *T. P. Brewer Construction Co.* v. *F & G Associates*, 34 Conn. App. 714, 715–16, 643 A.2d 308 (1994).

## I

The appeal from the judgment in the Brewer action must be addressed first. The issue is whether the appeal is subject to dismissal on the ground that no judgment was rendered as to Katin. Alternatively, we must decide whether there was an *implied judgment* in favor of Katin and, thus, consider the merits of that part of the appeal.

"The construction of a judgment is a question of law for the court. . . . As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The interpretation of a judgment may involve the circumstances surrounding the making of the judgment. . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The judgment should admit of a consistent construction as a whole." (Citations omitted; internal quotation marks omitted.) *Lashgari* v. *Lashgari*, 197 Conn. 189, 196–97, 496 A.2d 491 (1985).

While we have, in the past, concluded that trial courts have rendered judgments by implication; see, e.g., id., 197–98; *Glinski* v. *Glinski*, 26 Conn. App. 617, 621, 602

A.2d 1070 (1992); we cannot do so here. An implication is defined as an inference of something not directly declared, but arises from what is admitted or expressed; it is used where the intention in regard to the subject matter is not manifested by explicit and direct words, but is gathered by implication or necessary deduction from the circumstances, the general language, or the conduct of the parties. Black's Law Dictionary (5th Ed. 1979).

A reading of the transcript reveals no mention of any disposition of the action as to Katin and it is worth noting that Gutierrez himself regards the judgment as solely one for Brewer, and not for Katin. We can deduce nothing from the circumstances surrounding the judgment that would lead to a conclusion that an implied judgment existed. To the contrary, the clear language of the judgment permits us to conclude only that the there is a lack of any judgment as to Katin. The language of a judgment must be given its ordinary meaning unless a technical or special meaning is clearly intended. See *Scoville* v. *Scoville*, 179 Conn. 277, 282, 426 A.2d 271 (1979) (*Healey, J.*, dissenting).

In the absence of a judgment as to Katin, this court lacks jurisdiction to hear the Brewer action and we must, therefore, dismiss that part of the appeal. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). Here, neither *Curcio* prong is satisfied. See *C & P Excavating Contractors, Inc.* v. *Ardmare Construction Co.*, 37 Conn. App. 222, 227, 655 A.2d 278 (1995).[3]

---

[3] The final judgment issue does not implicate Practice Book § 4002. See *C & P Excavating Contractors, Inc.* v. *Ardmare Construction Co.*, supra, 37 Conn. 225–26.

## II

The next issue to be resolved in this appeal is the status of the Tec Tron action. In that action, the trial court found for Brewer on the complaint and the counterclaim, but was silent as to Katin and Maryanne Gutierrez on the counterclaim. A review to the pleadings is helpful.

Katin is not named as a defendant in the Tec Tron complaint. In the counterclaim addressed to that complaint, however, there are inconsistencies. Although Katin is not named as a party in the counterclaim, the allegations begin with language that implies that Katin is a party, i.e., the "Defendant and his wife," and the prayer for relief is expressed in the plural, i.e., "Wherefore, the *Defendants* claim." Furthermore, the pleading is signed by an attorney representing the "Defendants."

Thus, in the Tec Tron action, we are faced with a counterclaim in an action in which Katin was never pleaded as a defendant and never moved to be made a defendant despite the fact that the pleading was signed by an attorney purporting to represent her. Practice Book § 116 provides that "[i]n any action for legal or equitable relief, any *defendant* may file counterclaims against any plaintiff . . . ." (Emphasis added.) Because Katin was not a party named in the Tec Tron complaint, the trial court's judgment in favor of Brewer on the complaint and counterclaim in that action disposes of any issues as to Katin. This ruling, however, does not implicate the issues involving Maryanne Gutierrez. In its judgment as to the counterclaim, the trial court failed to make any findings as to Maryanne Gutierrez; the judgment is silent as to her.[4] Under these circumstances, we will not conclude that the trial court

---

[4] In the judgment on the counterclaim, the trial court also made no findings as to Katin. Such findings, however, are not necessary in light of the fact that she was not made a party in the action.

rendered a judgment by implication as to Maryanne Gutierrez. *Lashgari* v. *Lashgari*, supra, 197 Conn. 196–97. In the absence of any judgment as to Maryanne Gutierrez, the counterclaim has not been entirely resolved. Where Practice Book § 4002 does not apply,[5] a judgment on a complaint is not an appealable final judgment when the issues in the complaint and the counterclaim are intertwined and the counterclaim remains unresolved. *Southington* v. *Pierce*, 29 Conn. App. 716, 722, 617 A.2d 929 (1992). Accordingly, we do not have jurisdiction to hear this appeal.[6]

The appeal is dismissed.

In this opinion the other judges concurred.

---

[5] See footnote 3.

[6] Although we do not reach the merits of the claims presented in this appeal, our review of the record and briefs reveals that there may be fundamental considerations concerning the trial court proceedings. First, while it is undisputed that Gutierrez, Maryanne Gutierrez, Brewer and Katin were each one-quarter shareholders in Tec Tron, it is beyond question that the trial court inappropriately lumped together the legal and financial interests of the husbands and wives. Second, assuming *arguendo* that a derivative cause of action was pleaded in the Tec Tron counterclaim, there is a single award of damages in favor of Brewer, an individual shareholder, and an absence of any language in the judgment to indicate that he holds the award on behalf of the corporation.