ALDIN ASSOCIATES LIMITED PARTNERSHIP *v.*
MICHAEL P. HEALEY ET AL.
(AC 21742)

Lavery, C. J., and Bishop and West, Js.

---

Argued May 7—officially released September 17, 2002

*Kenneth M. Potash*, for the appellants (defendants).

*Opinion*

WEST, J. The defendants, Michael P. Healey and Henry F. Healey, Jr., appeal from the judgment of the trial court modifying the prior judgment that confirmed an arbitration award and awarding the plaintiff $3800. The defendants claim that the court improperly modified the judgment by ordering them to pay $3800 where the arbitration award provided for an award of either $1000 or $5000 and where the parties further had stipulated in their submission to the court that the award would be either $1000 or $5000.[1] We agree with the defendants and reverse the judgment of the trial court.

[1] We note that in the heading introducing their principal argument in their brief to this court, the defendants' claim reads: "The trial court erred in *modifying the arbitration award* and awarding $3800 to the plaintiff, when the arbitration award called for $1000 or $5000 and the parties stipulated that the award would be $1000 or $5000." (Emphasis added.) In their preliminary statement of the issues, however, the defendants' claim is more general in that it raises the question, "Did the trial court err in awarding $3800 to the

The following facts are necessary for our resolution of the defendants' appeal. On July 18, 1985, the plaintiff, as tenant, and the defendants, as landlords, entered into a lease of a gasoline station. After the expiration of the lease, a dispute arose over a canopy that was located on the premises and owned by the plaintiff. The parties agreed that the canopy could remain on the property and that the defendants would pay the plaintiff for it. When the parties could not agree on a price, they submitted their dispute to binding arbitration pursuant to the terms of their lease agreement.[2] The arbitrators issued their award on May 1, 1998. They awarded the plaintiff, in the alternative, $1000 in the event that the canopy was fixed directly into a concrete base or $5000 in the event that the canopy was bolt mounted. The arbitrators did not make a finding as to which, if either, of those two methods of installation had in fact been used to secure the canopy.

On August 14, 1998, the plaintiff filed an application to vacate the arbitration award on the ground that the

plaintiff when the arbitration award called for $1000 or $5000, and the parties agreed that the figure would be $1000 or $5000." On the basis of the procedural history of the case at the trial level, we adhere to the spirit of the defendants' claim as set forth in their preliminary statement of the issues and interpret the defendants' appeal as challenging the court's modification of the judgment confirming the arbitration award.

The defendants also claim on appeal that the court improperly allowed testimony from an expert witness who never had been disclosed to them, based its decision on speculative testimony and allowed evidence that was beyond the scope of the arbitration. Because we conclude that the court did not have the authority to modify the judgment confirming the arbitration award and because that is dispositive of this appeal, we need not address the additional claims raised by the defendants.

[2] The parties' lease agreement states that "[a]ny dispute arising under this lease shall be settled by arbitration in accordance with the rules then prevailing of the American Arbitration Association. The Landlord and Tenant shall each choose an arbitrator, and the two arbitrators thus chosen shall select a third arbitrator. The findings and award of the three arbitrators thus chosen shall be final and binding on the parties hereto. Each party shall pay its own costs in connection with such arbitration. The fees of the third arbitrator shall be borne equally by the Landlord and Tenant."

parties could not agree whether the canopy was bolt mounted or fixed directly into a concrete base and that the matter therefore could not be resolved. The defendants objected to the application, arguing that it was not filed timely, and filed a motion to confirm the arbitration award.[3] The court heard argument on the motion to confirm the award on February 22, 1999. The court denied as untimely the plaintiff's application to vacate the award and, on March 1, 1999, granted the defendants' motion to confirm the award.[4] The plaintiff thereafter attempted to execute on the judgment in the amount of $5000. On July 28, 1999, the defendants filed an objection to the plaintiff's postjudgment remedies and interrogatories. The plaintiff filed a motion in reply to the defendants' objection, requesting that it be permitted to execute on the judgment in the amount of $5000. The court granted the plaintiff's motion on October 10, 1999.

On November 8, 1999, the defendants filed a motion to open and to vacate the judgment, and to reconsider the court's decision granting permission to the plaintiff to execute on the judgment in the amount of $5000. The plaintiff objected, claiming that the proper procedural vehicle to contest the amount of damages would be through a hearing in damages. The court agreed with the plaintiff and on February 26, 2001, held an evidentiary hearing to determine the proper amount of damages. The court found that the arbitrators' framing of the factual predicate underpinning their alternative awards did not accurately reflect the manner in which the canopy actually was secured. Specifically, the court found that the canopy was both bolt mounted and fixed in

---

[3] General Statutes § 52-420 (b) provides: "No motion to vacate, modify or correct an award may be made after thirty days from the notice of the award to the party to the arbitration who makes the motion."

[4] General Statutes § 52-417 allows one year for the filing of applications to confirm arbitration awards.

concrete and that, accordingly, those two circumstances could not be alternatives to each other. In light of its findings, the court concluded that the appropriate compensation due the plaintiff would fall between the two extremes determined by the arbitration panel and ordered the defendants to pay $3800 to the plaintiff.[5] This appeal followed.

The defendants claim that the court improperly modified the judgment confirming the arbitration award and ordered them to pay $3800 to the plaintiff where the arbitration award itself called for a judgment in the amount of either $1000 or $5000 and the submission of the issue to the court stipulated that the award would be either $1000 or $5000. We agree.

Generally, the court's authority to open and modify a judgment is governed by General Statutes § 52-212a, which provides in relevant part that "[u]nless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . . The parties may waive the provisions of this section or otherwise submit to the jurisdiction of the court . . . ."[6] In the present case,

---

[5] In reaching its conclusion, the court inferred that the amounts awarded by the arbitration panel were meant to reflect the relative difficulty of removing the canopy depending on which of the two installation methods, bolt mounting or fixing in concrete, had been used. The court reasoned that a less difficult removal would make the canopy more valuable to the plaintiff while a more difficult removal would reduce that value. The court concluded that because the bolts by which the canopy was primarily mounted were covered by only several inches, as opposed to feet, of concrete, the situation more closely resembled the "easier to remove" scenario envisioned by the panel. Accordingly, the court's award, while falling between the two alternatives awarded by the panel, was closer to the $5000 award than it was to the $1000 award.

[6] That standard also is set forth in Practice Book § 17-4.

the record indicates that the parties did consent to the court's determination of the proper amount of damages to be awarded pursuant to the confirmed arbitration award.[7]

Although ordinarily, the parties may consent to the opening and modification of a judgment, we are persuaded that a different standard should be applied in circumstances where the judgment at issue is not an "independent" judgment of the court, but is simply a judgment in confirmation of an arbitration award. Such judgments are confined by their very nature to the terms of the arbitration award. Consideration for the principles of judicial economy undergirding legislative and judicial support for arbitration as a substitute for litigation; see *Local 1042, Council 4, AFSCME, AFL-CIO* v. *Board of Education*, 66 Conn. App. 457, 461–62, 784 A.2d 1018 (2001) (arbitration favored means for settling disputes); 6 C.J.S., Arbitration § 2 (1975) (arbitration is substitute for rather than prelude to litigation and where agreement provides for arbitration, that is forum for dispute, not court); persuades us that a better approach is to hold judgments in confirmation of an arbitration award to the same strict standard of review as that applied to judicial modification of the arbitration award itself. Any other approach would allow the parties to circumvent the established statutory scheme governing the review of arbitration awards by permitting them to modify the terms of the judgment on the award when they could not otherwise alter or modify the terms of the award itself.[8] Accordingly, we will review the action

[7] Despite the plaintiff's opposition to the defendants' motion to open the judgment and to reconsider the order granting the plaintiff permission to execute on the judgment in the amount of $5000, the plaintiff itself requested that the matter be determined through a hearing in damages. Thereafter, the parties agreed to submit to the court the question of which of the two alternative amounts awarded by the arbitration panel was appropriate, $1000 or $5000.

[8] Our decision should not be read to diminish the inherent power and control that the courts exercise over their own judgments. See *AvalonBay Communities, Inc.* v. *Plan & Zoning Commission*, 260 Conn. 232, 241, 796

of the court in opening and modifying its judgment confirming the arbitration award as if that action had been directed at the arbitration award itself.

The Superior Court's authority to vacate or modify an arbitration award is restricted to the grounds delineated in General Statutes §§ 52-418 and 52-419.[9] General Statutes § 52-420 further limits the authority of the court to act on an application to vacate or to modify an arbitration award filed beyond thirty days from the notice of the award. After that thirty day period has expired, the court is required to confirm the arbitration award on the application or motion of a party filed within one year of the award.

A.2d 1164 (2002) (courts possess continuing jurisdiction to effectuate prior judgments). We are mindful, however, of the potential for an unbridled discretion, exercised merely at the consent of the parties, to expand the judicial role in postarbitral proceedings beyond that contemplated by the legislative arbitration scheme itself. The purpose to be served by bringing arbitration awards within the ambit of the judicial system is to back an award with a meaningful power of enforcement. The goal is not to give parties a second bite at the apple by permitting them further opportunities to modify the essential terms of an award.

[9] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

General Statutes § 52-419 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy."

Although the court may not modify the terms of the arbitration award after the expiration of the thirty day period provided by § 52-420, once the award is confirmed, the court possesses inherent authority to enforce the terms of the judgment by appropriate post-judgment orders.[10] See *AvalonBay Communities, Inc.* v. *Plan & Zoning Commission*, 260 Conn. 232, 249, 796 A.2d 1164 (2002). Thus, the propriety of the court's action in the present case will turn, in the first instance, on the question of whether its action was an effectuation of the arbitration award or a modification of that award.

Although the forum in which the court acted was styled a "hearing in damages," the court's action in setting the appropriate amount of compensation at $3800 essentially operated as a modification of the judgment confirming the arbitration award. The arbitration award did not provide for an award *between* $1000 and $5000; it provided for an award of *either* $1000 *or* $5000. Thus, the court's judgment modified an essential element of the arbitration award going to the merits of the parties' submission. Although the court found that the factual presumption relied on by the arbitrators, specifically, that the canopy either was bolt mounted or fixed in concrete, was apparently erroneous, that factual determination was wholly within the scope of the submission to the arbitration panel and, consequently, may not be reviewed by the court.[11] See *Con-*

[10] Prior to confirmation, enforcement of an arbitration award relies solely on the parties' voluntary compliance. Confirmation of an arbitration award converts it into an enforceable judgment of the Superior Court. It is in part that ability to have an award confirmed that has encouraged parties to submit to this informal method of dispute resolution. See comment, "Arbitration in Connecticut: Issues in Judicial Intervention Under the Connecticut Arbitration Statutes," 17 Conn. L. Rev. 387, 388 (1985).

[11] We recognize that because no appeal was taken timely from the court's denial of the plaintiff's application to vacate the award, that outcome leaves the parties with an arbitration award, and an ensuing judgment, arguably indefinite in its terms. It is not the function of this court, however, to leap jurisdictional barriers simply to aid the parties to reach closure.

*necticut Ins. Guaranty Assn.* v. *Zasun*, 52 Conn. App. 212, 229, 725 A.2d 406 (1999); see also *Board of Education* v. *Hartford Federation of School Secretaries*, 26 Conn. App. 351, 353, 600 A.2d 1053 (1992) (court may not review arbitration award for errors of law, fact).

The judgment is reversed and the case is remanded for further proceedings on the defendants' motion to open the judgment and to reconsider the order of execution.

In this opinion the other judges concurred.