## PHOENIX WINDOWS, INC. *v.* VIKING CONSTRUCTION, INC.
### (AC 24297)

Lavery, C. J., and DiPentima and Berdon, Js.

Argued December 6, 2004—officially released March 15, 2005

*John H. Hanks*, for the appellant (plaintiff).

*Neal L. Moskow* and *Deborah M. Garskof* filed a brief for the appellee (defendant).

*Opinion*

LAVERY, C. J. The plaintiff, Phoenix Windows, Inc., appeals from the judgment of the trial court sustaining the objection by the defendant, Viking Construction, Inc., to the plaintiff's bank execution. On appeal, the plaintiff claims that the court modified the final judgment by creating a precondition to the enforcement of the monetary award and that General Statutes § 52-367a does not allow for a judgment debtor to challenge a bank execution.[1] We reverse the judgment of the trial court.

This action arises out of a dispute between a general contractor and a subcontractor with regard to a construction project. The parties entered into an agreement under which the plaintiff was to furnish to the defendant materials, labor, tools and equipment with regard to the installation of new windows and screens for an apartment complex. Each party claimed that the other breached the agreement, and they submitted their disputes to arbitration. In February, 2000, an arbitrator rendered an award in favor of the plaintiff in the amount of $53,596.78, which consisted of the value of the windows that the plaintiff had left on the defendant's construction site, minus an offset due to the defendant.

Thereafter, in November, 2001, in response to an order of the court to articulate his decision, the arbitrator issued a supplemental order. In that order, the arbi-

---

[1] The defendant argues that this appeal should be dismissed as moot because the sum impounded by the judicial marshal, pursuant to the bank execution, was returned, less the poundage fee. We disagree. There is still a controversy as to which party will be liable for the poundage fee and whether the plaintiff is entitled to a bank execution before assigning its right to any claim regarding the windows that are the subject of the dispute between the parties.

trator determined that neither party was in possession of the subject windows because a third party creditor of the plaintiff had repossessed them. The arbitrator thus ordered the plaintiff to assign to the defendant its right, title and interest in any claim that it might have for the value of the windows. In April, 2002, the court confirmed the arbitrator's award.

The plaintiff then obtained a bank execution against the defendant for the amount of the judgment. The defendant objected to the execution, arguing that the arbitrator's award was not yet final because the defendant had not received an assignment of the plaintiff's right to any claim for the value of the windows. On May 19, 2003, the court sustained the defendant's objection to the bank execution,[2] and the plaintiff appealed to this court. Thereafter, the trial court granted the defendant's motion to terminate the stay of the proceedings pending appeal.

The plaintiff argues that the court improperly modified the final judgment by creating a precondition to the enforcement of that judgment. On April 30, 2002, the court confirmed the arbitration award and the arbitrator's supplemental order, pursuant to General Statutes § 52-420 (c), rendering judgment in favor of the plaintiff in the amount of $53,596.78. That confirmation included confirmation of the arbitrator's supplemental order, which stated in relevant part that "[t]he monetary award to [the plaintiff] was intended and should be offset by the value of the windows; and . . . [t]o accomplish such offset, [the plaintiff] shall assign to [the defendant] any right, title and/or interest in and to any claim [the plaintiff] now has or may ever have against the lessee of the subject trailer, Equip Corpora-

[2] The plaintiff requested an articulation of the court's ruling sustaining the defendant's objection, which the court denied on July 3, 2003. We note that the plaintiff did not file a motion for review of the court's denial of that motion.

tion of New Milford, Connecticut, or any other responsible party, for the value of the windows and any damages arising out of the repossession and/or sale or disposal of said windows. [The plaintiff] shall cooperate with [the defendant] in pursuit of any such claim including the provision of documents and testimony necessary to advance and prosecute same. *Failure to reasonably cooperate shall be a violation of this Order and [the defendant] shall have the right to recover all sums paid hereunder . . . .*" (Emphasis added.)

The court, in its memorandum of decision granting the defendant's motion to terminate the stay, stated in relevant part that "[t]he order confirming the arbitration award . . . required that [the plaintiff] take certain actions prior to enforcing its judgment." The court found that the plaintiff had not taken that required action and granted the motion. The court's ruling evidences its apparent agreement with the defendant's claim that the arbitrator's award was not final. We disagree.

"The construction of a judgment is a question of law for the court. . . . As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The interpretation of a judgment may involve the circumstances surrounding the making of the judgment. . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *Brewer* v. *Gutierrez*, 42 Conn. App. 421, 423, 681 A.2d 345 (1996). "The final judgment in an arbitration proceeding is ordinarily an order of the trial court modifying, vacating or confirming the arbitrator's award."[3]

---

[3] "Prior to confirmation, enforcement of an arbitration award relies solely on the parties' voluntary compliance. Confirmation of an arbitration award converts it into an enforceable judgment of the Superior Court. It is in part

*Middletown* v. *von Mahland*, 34 Conn. App. 772, 776 n.8, 643 A.2d 888 (1994); see also *Daginella* v. *Foremost Ins. Co.*, 197 Conn. 26, 30, 495 A.2d 709 (1985). Neither the court, nor the arbitrator, could create a precondition to the judgment's becoming final. Therefore, the judgment became final and enforceable on the court's confirmation of the arbitration award and the supplemental order.

Although the defendant argues that the assigning of the plaintiff's interest in the windows, the subject of the parties' dispute, is a precondition, there is no language in the supplemental order that requires an assignment *prior* to enforcement of the judgment. Moreover, the supplemental order's language suggesting that money be returned on a violation of the order implies that the assigning of interest could occur after the monetary award had been paid to the plaintiff. Thus, this requirement is a precondition added by the court to the award after the confirmation and, therefore, is a modification of the award.

The arbitrator could have created a prerequisite to the enforcement of the judgment, but he never added language to the order that would have created such a requirement. All the parties received was an enforceable judgment against each other. The plaintiff could obtain a bank execution against the defendant, and the defendant was free to bring a motion to compel the plaintiff to assign its interests in the windows if it did not do so voluntarily. The plaintiff refused to assist the defendant as required by the supplemental instructions, and the court could have found it in violation of the order and required it to return any sums it already had

that ability to have an award confirmed that has encouraged parties to submit to this informal method of dispute resolution. See comment, 'Arbitration in Connecticut: Issues in Judicial Intervention Under the Connecticut Arbitration Statutes,' 17 Conn. L. Rev. 387, 388 (1985)." *Aldin Associates Ltd. Partnership* v. *Healey*, 72 Conn. App. 334, 341 n.10, 804 A.2d 1049 (2002).

received from the defendant. The defendant has never filed a motion for contempt or a motion to compel regarding the assignment of the plaintiff's rights.

Thus, because the award was confirmed and the court added a requirement that the assignment of interest was a prerequisite to the bank execution, its action was a modification of the award, rather than an effectuation of the award. Because the thirty day time limit to modify the award had passed; see § 52-420; and a motion to modify the judgment was never filed, the court improperly granted the motion to terminate the stay and improperly sustained the objection to the bank execution.[4]

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

---

[4] Because the plaintiff's claim that the court improperly modified the judgment is dispositive, we decline to address the plaintiff's claim that General Statutes § 52-367a does not allow for a judgment debtor to challenge a bank execution.