******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TROY W. WINDHAM *v.* DOCTOR'S ASSOCIATES, INC.
(AC 36414)

Lavine, Alvord and Mullins, Js.

*Argued September 15—officially released November 17, 2015*

(Appeal from Superior Court, judicial district of
Ansonia-Milford, Markle, J.)

*Jonathan M. Starble*, for the appellant (plaintiff).

*Frank J. Mottola III*, for the appellee (defendant).

*Opinion*

ALVORD, J. The plaintiff, Troy W. Windham, appeals from the trial court's judgment confirming an arbitration award in favor of the defendant, Doctor's Associates, Inc. (Subway).[1] On appeal, Windham claims (1) the court erred by "confirming the arbitration award because no valid application to confirm was pending before the court" and (2) "[t]he trial court's judgment [enforcing the award] is erroneous to the extent that it purports to impose a $250 per day penalty for any period of time prior to the entry of a final judgment." We affirm the judgment of the court as to the first claim, but we do not reach Windham's second claim as to the court's enforcement of the award because the trial court failed in its responsibility to decide Subway's motion for an order in damages and calculate a judgment upon the award. Accordingly, we remand this case to the trial court for a judgment upon the award.[2]

The following facts and procedural history are relevant to Windham's appeal. On January 25, 2005, Windham signed a franchise agreement with Subway, giving him the right to operate a Subway sandwich store in Dover, Delaware. In May, 2009, Subway sought to terminate Windham's franchise, as to this store, for cleanliness issues and a failure to follow franchise procedures. The franchise agreement established that all disputes concerning the agreement would be settled by arbitration. Subway initiated arbitration in accordance with the terms of the franchise agreement. On October 15, 2010, the arbitrator issued an interim order reflecting that Windham admitted to breaching the franchise agreement, but Subway agreed to reinstate the franchise agreement if Windham cured his store's defects and complied with the franchise agreement during a six month review period. Further, if the order was breached, Subway was "entitled to an expedited arbitration hearing to obtain a final award."

On December 9, 2010, Subway claimed that Windham had violated the terms of the interim arbitration order. The parties returned to arbitration, and, on July 5, 2011, the arbitrator ordered the termination of Windham's Dover store franchise. In the arbitrator's award, section five stated: "[Windham] shall pay to [Subway] $250 per day for each day, after the issuance of this award, for his continued use of the Subway trade names, trademarks, service marks, signs, logos, colors, structures, printed goods and forms of advertising indicative of the company's sandwich business and/or use the operations manuals for store number 24443; as required by paragraph 8 (e) of the franchise agreement."[3] The arbitration award concluded by stating: "This Award is the FINAL AWARD. It is effective immediately, without the necessity of further hearing and can be confirmed in any court having jurisdiction." Windham continued to operate his store while he sought judicial review.

On August 5, 2011, Windham filed an application to vacate the arbitration award in the Superior Court. Subway responded in one filing, which was an objection to the application to vacate and an application to confirm the award. On July 31, 2013, the court denied the application to vacate and confirmed the arbitration award in favor of Subway. On August 23, 2013, Subway filed a motion for a postconfirmation hearing and order in damages. Subway requested $115,452.36 in damages and an additional assessment of $250 per day as damages for every day that Windham continued to operate his store after August 23, 2013. The $115,452.36 in total damages sought included the penalty sum, credits for royalty fees Windham paid to Subway after the arbitration award, other charges associated with operating a Subway franchise, and attorney's fees.

On December 2, 2013, the court issued a judgment purporting to cover all pending motions including Subway's motion for a postconfirmation hearing and order in damages. The judgment restated the court's July 31, 2013 order, denying the application to vacate the arbitration award and granting Subway's application to confirm. The judgment then referenced and repeated selected terms of the arbitration award, stating: "Whereupon, in accordance with paragraph 5 [of the award], it is adjudged that [Subway] shall continue to recover the sum of $250 per day for each day after the issuance of the award on July 5, 2011." The court's decision made no findings of fact and did not reduce the per diem penalty, found in paragraph five of the arbitration award, to a monetary damages sum. This appeal followed.

I

Windham's first claim on appeal is that the court improperly confirmed the arbitration award because a proper application to confirm the award was not before the court. Subway requested that the court confirm the award, but it did not file a separate and distinct application to confirm. We disagree that this procedural variance was fatal to Subway's request for confirmation of the arbitration award.

The following additional facts are relevant to this claim. After Windham had filed the application to vacate the arbitration award, Subway filed an application for confirmation of the award in a Delaware state court. Subway claimed that initially it was unaware of Windham's Connecticut filing. Subway claims that it filed in Delaware because it was Windham's state of residence and the location of the disputed franchise. Subway did not file a distinct application to confirm in Connecticut, but requested the confirmation of the arbitration award in its objection to Windham's application to vacate that was filed on September 16, 2011, in Connecticut. Subway did not pay a filing fee when it filed its objection

and application to confirm. Subway's Delaware application to confirm was pending for more than a year before the Delaware court stayed the proceedings in light of the Connecticut action. On March 27, 2013, Subway withdrew its Delaware application, without prejudice, because Windham's application to vacate was still pending in Connecticut.

Windham's claim requires us to review General Statutes §§ 52-417, 52-420, and 52-421. "Issues of statutory construction raise questions of law, over which we exercise plenary review. . . . The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . . [W]e seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Middlesex Mutual Assurance Co.* v. *Komondy*, 120 Conn. App. 117, 125, 991 A.2d 587 (2010). "Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Internal quotation marks omitted.) *White* v. *Kampner*, 229 Conn. 465, 471, 641 A.2d 1381 (1994).

Judicial enforcement of an arbitration award in Connecticut is governed by statute. Section 52-417 controls applications for confirmation of an arbitration award and states in relevant part: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides . . . for an order confirming the award. . . ." The specific steps for applying for confirmation of an arbitration award are set out in § 52-421 (a), which provides: "Any party applying for an order confirming, modifying or correcting an award shall, at the time the order is filed with the clerk for the entry of judgment thereon, file the following papers with the clerk: (1) The agreement to arbitrate, (2) the selection or appointment, if any, of an additional or substitute arbitrator or an umpire, (3) any written agreement requiring the reference of any question as provided in section 52-415, (4) each written extension of the time, if any, within which to make the award, (5) the award, (6) each notice and other paper used upon an application to confirm, modify or correct

the award, and (7) a copy of each order of the court upon such an application." Section 52-420 (a) directs the trial court to handle arbitration issues in an efficient manner, providing: "Any application under section 52-417, 52-418 or 52-419 shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, in order to dispose of the case with the least possible delay." "The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419." General Statutes § 52-417.

In this case, Subway clearly moved to confirm the arbitration award and Windham had sufficient notice of the request. Subway's September 16, 2011 objection to Windham's application to vacate also served as the application to confirm. The motion was entitled: "Defendant's Response in Opposition to Plaintiff's Motion to Vacate and [Defendant's] Application to Confirm Arbitration Award." In accordance with § 52-417, it was filed within one year of the date of the arbitration award. The franchise agreement, information about the arbitrator, and the award itself were before the court. When the parties' dispute concerns one arbitration award, reviewing an application to vacate and an application to confirm simultaneously, in furtherance of judicial economy, is a reasonable way to "dispose of the case with the least possible delay." See General Statutes § 52-420 (a).[4] We therefore conclude that the trial court did not err in confirming the award.

II

Windham also asks this court to find error with the order that the trial court issued when rendering the judgment, claiming "[t]he trial court's judgment is erroneous to the extent that it purports to impose a $250 per day penalty for any period of time prior to the entry of a final judgment."[5] We do not reach Windham's claim because the court committed error by failing to effect the terms of the judgment upon the award.

After receiving judicial confirmation of the arbitration award, Subway moved to have the award reduced to a monetary sum[6] to be paid by Windham, and suggested specifically $145,405.29.[7] The court, in entering its purported judgment regarding damages, merely restated selected terms of the arbitration award and failed to effectuate the award with a calculation of damages despite a properly pleaded request to do so. We therefore conclude the case should be remanded for further proceedings.

To reach this conclusion, we review the court's authority to construe and interpret an arbitration award. "The standard of review applied to the construction of an arbitration award is the same as that applied to the construction of a judgment. . . . The construc-

tion of an arbitration award, therefore, is a question of law subject to plenary review." (Citation omitted.) *All Seasons Services, Inc.* v. *Guildner*, 94 Conn. App. 1, 12–13, 891 A.2d 97 (2006).

"Confirmation of an arbitration award converts it into an enforceable judgment of the Superior Court. . . . The construction of a judgment is a question of law for the court. . . . As a general rule, judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the judgment. . . . The interpretation of a judgment may involve the circumstances surrounding the making of the judgment. . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The judgment should admit of a consistent construction as a whole." (Citation omitted; internal quotation marks omitted.) *Daoud* v. *Cook*, 137 Conn. App. 766, 776, 50 A.3d 340, cert. denied, 307 Conn. 928, 55 A.3d 569 (2012). "Although the court may not modify the terms of the arbitration award after the expiration of the thirty day period provided by § 52-420, once the award is confirmed, the court possesses inherent authority to enforce the terms of the judgment by appropriate post-judgment orders." *Aldin Associates Ltd. Partnership* v. *Healey*, 72 Conn. App. 334, 341, 804 A.2d 1049 (2002).

The court had the authority and the responsibility, upon Subway's postconfirmation request, to calculate the dollar sum necessary to effect the arbitrator's award. The court did not do that calculation. The court had "inherent authority" to calculate damages based on the July 5, 2011 arbitration award it had confirmed. Id. A court cannot substitute its own judgment for that of the arbitrator. See *Daoud* v. *Cook*, supra, 137 Conn. App. 779. Instead, the court's responsibility is to construe and interpret the arbitration award after examining the circumstances of the arbitration award itself. Id., 776. The court, when faced with a motion for judgment upon an award requesting damages, cannot simply repeat the terms of the award without arriving at a figure for monetary damages.[8] "[A] money judgment must specify with certainty the amount for which it is rendered, or if the amount is not stated, it must be ascertainable from the record or by mere mathematical computation." (Emphasis omitted; internal quotation marks omitted.) *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, L.P.*, 97 Conn. App. 541, 561–62 n.19, 905 A.2d 1214, cert. denied, 280 Conn. 942, 943, 912 A.2d 479 (2006). Here, the trial court's restatement of the terms of the award is an incomplete computation of damages. In *Daoud* v. *Cook*, supra, 779, this court affirmed a judgment that had interpreted an arbitration award to effectuate the arbitrator's intentions. In that case, the trial court interpreted the arbitrator's terminology " 'not being used by her' " and then appropriately determined how much of

a shared office should have been used as rental property. Id. The trial court in the present case failed to effect the terms of the judgment upon the award.

The judgment confirming the arbitration award is affirmed and the case is remanded for a hearing on Subway's request for a judgment in damages upon the award. The court should determine a specific amount of monetary damages, including the start and end date of the per diem assessment, with offsets, if any, in accordance with the evidence presented at the hearing and the arguments of counsel.

In this opinion the other judges concurred.

[1] Doctor's Associates, Inc., is the corporate entity that owns the Subway franchise system. Windham is the franchisee of several Subway stores in Delaware.

[2] General Statutes § 52-421 (b) addresses the enforcement of an arbitration award in a civil action.

[3] Paragraph 8 of the franchise agreement addresses termination of the agreement. Subsection (e) establishes that, upon termination, Windham must stop using the Subway brand and products. The franchise agreement states: "If you breach this provision, you will pay us $250 per day for each day you are in default, as being a reasonable pre-estimate of the damages we will suffer."

[4] We read the language of § 52-420 (a) to be plain and unambiguous.

[5] In his brief, Windham's counsel does not cite to any direct authority to support this proposition.

[6] General Statutes § 52-421 (b) provides in relevant part: "The judgment or decree so entered shall have the same force and effect in all respects as, and be subject to all the provisions of law relating to, a judgment or decree in a civil action; and it may be enforced as if it had been rendered in a civil action in the court in which it is entered. . . ."

[7] In its initial filing on August 23, 2013, Subway requested $115,452.36 in damages and a continuing accumulation of $250 per day. This total included a credit for franchise fees paid by Windham after the date of the arbitration award. It also included Subway's attorney's fees. On November, 18, 2013, Subway updated its total because the court requested a judgment file that excluded attorney's fees. In the proposed judgment file, Subway requested $145,405.29 and a continuing accumulation of $250 per day for every day that Windham continued to operate his Subway franchise.

[8] The arbitration award stated: "[Windham] shall pay to [Subway] $250 per day for each day, after the issuance of this award, for his continued use of the Subway [brand] . . . ." The trial court's judgment simply reiterates this language: "WHEREUPON, in accordance with paragraph 5 [of the award], it is adjudged that the defendant shall continue to recover the sum of $250 per day for each day after the issuance of the award on July 5, 2011."